THE BLACKSHEAR MANUFACTURING COMPANY, A CORPORA-
TION, *Plaintiff in Error,* v. J. M. FRALICK, *Defendant
in Error.*

## Division B.

### Opinion Filed January 10, 1925.

### Petition for Rehearing Denied February 14, 1925.

1. The rule in this State is that the court will look to the whole instrument and not to particular provisions to ascertain the intention of the parties to it.

2. It is well settled that want or failure of consideration will defeat recovery on a promissory note.

A Writ of Error to the Circuit Court for Union County; J. V. Walton, Judge ad litem.

Judgment affirmed.

*E. G. Baxter,* for Plaintiff in Error.

*A. Z. Adkins,* for Defendant in Error.

TERRELL, J.—This case was tried at Lake Butler, Florida, May 21, 1923, before Honorable J. V. Walter, Judge *ad litem* as authorized by our Constitution and by Section 2533, Revised General Statutes of Florida, 1920.

The plaintiff in error, Blachshear Manufacturing Company, who was plaintiff below, is a manufacturer and distributor of commercial fertilizers and phosphate with its home office at Blackshear, Georgia. The defendant in error, J. M. Fralick, who was defendant below is a citizen of Providence, Union County, Florida, and was the agent of the plaintiff.

Plaintiff sued the defendant on two promissory notes for $2,000.00 and $2,033.00, respectively, laying its damages in the sum of $5,000.00.

To plaintiff's declaration defendant entered several pleas, all of which were stricken except his plea on equitable grounds, said plea being substantially as follows: At the time of long prior to and since the making of the notes sued on defendant was the agent of plaintiff for the purpose of taking orders for and delivering commercial fertilizers and phosphate to customers of the plaintiff taking their notes therefor and delivering said notes to the plaintiff; that as such agent this defendant secured orders from various and sundry persons aggregating the amount of the two notes sued on and as such agent delivered the fertilizer so ordered to the parties ordering the same, taking their notes therefor and delivering said notes to the plaintiff according to the terms of his agreement, that all of said notes having been delivered to plaintiff this defendant cannot state the amounts thereof or the names and addresses of the persons executing them but he knows they aggregated the amount of the two notes sued on, that long after taking the said orders for fertilizer and receiving and delivering the notes therefor to the plaintiff, to-wit: On May 15, 1918, defendant executed and delivered to plaintiff the two notes here sued on, that said notes were executed at the request of plaintiff for the purpose of showing how much fertilizer had been sold and notes taken therefor by defendant for plaintiff and that it was distinctly understood by and between plaintiff and defendant that said two notes were not to be paid at any time by defendant, and that plaintiff would not enforce their collection against defendant but that they would be used only as a memorandum between plaintiff and defendant to show how much fertilizer was shipped by plaintiff to defendant

as its agent, that late in 1918 and early in 1919, defendant as agent of plaintiff collected from divers persons who had bought and executed notes for fertilizer, which notes were in the hands of plaintiff the sum of $1,214.66, and that as such agent defendant turned over to plaintiff the said sum of $1,214.66 to be credited on said notes, wherefore there was no consideration moving from plaintiff to defendant for the execution and delivery of said notes and that this suit in equity and good conscience ought not to be maintained.

Issue was made on this plea and at the conclusion of the evidence motion for an instructed verdict in favor of the defendant was granted. Plaintiff took writ of error.

Numerous errors are assigned, but we think the case turns on the sufficiency of the plea and whether or not it should be interpreted in connection with a certain contract executed by plaintiff and defendant and introduced in evidence in support of the plea.

The plea as already suggested was termed by the introducer, the defendant, a "plea on equitable grounds."

Section 2635 Revised General Statutes of Florida, 1920, provides that the defendant in any cause in any court in this State in which "if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading the facts which entitle him to such relief by way of defense." Under this statute there appears to be no limit to the facts that may be set up in a plea so long as they are "on *equitable grounds.*"

The contract entered into by plaintiff and defendant which was offered in evidence to support the plea is somewhat contradictory in its terms, but on the whole it clearly shows a trust relation between plaintiff and defendant and we think must be read along with the notes sued on. It

provides, among other things, that no fertilizer shipped the defendant shall be used on his own account except by written permission of the plaintiff, and that all notes, mortgages, cash and other evidences of sale of such fertilizers to the various consumers shall be held in trust by defendant for the benefit of the plaintiff.

It is true that the first paragraph of the contract provides for the execution of notes on the part of defendant, but all other provisions import a trust relation, and this construction is further supported by a certain trust receipt made by plaintiff and signed by defendant and introduced in evidence. In addition to importing a trust relation the contract in question was a consignment contract and not a contract of sale as contended for by the plaintiff in error. Ferry Co. v. Hall, 188 Ala. 178, 66 South. Rep. 104; L. R. A. 1917B, 620, Note. 626.

Plaintiff in error contends that if the terms of the contract are contradictory its construction should be controlled by the wording of the first paragraph rather than the language of subsequent paragraphs. The rule in this State is that the court will look to the whole instrument and not to particular provisions to ascertain the intention of the parties to it. Stewart v. Preston, Jr., 1 Fla. 10; Fry v. Hawley, 4 Fla. 258; First Nat. Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345; Jacobs v. Parodi, 50 Fla. 541, 39 South. Rep. 833; 6 R. C. L. 837; Virginia-Carolina Chemical Co. v. Ruffin, 126 Miss. 80, 88 South. Rep. 500.

Much has been said in the briefs with reference to the matter that the notes sued on were without consideration. It is well settled that want or failure of consideration will defeat recovery on a promissory note. Kellogg v. Singer Manuf'g. Co., 35 Fla. 99, 17 South. Rep. 68; Smith v. La-Vasque, 25 Fla. 464, 6 South. Rep. 263; Davis v. Leighton,

80 Fla. 594, 86 South. Rep. 564, and cases cited; 3 R. C. L. 943, 944. Outside of being incidental to the main issue we do not see that this question has any bearing on the case at bar. The trial judge in his discretion permitted the case to go to trial on the plea on equitable grounds, evidence was submitted to prove the plea, and it is not made to appear that in so doing he committed error.

The contract here brought in question is no more unusual in its terms than such contracts frequently are. The first paragraph imports a straight sale by plaintiff to defendant. Paragraphs 2 to 9, inclusive, import a trust relation between plainttiff and defendant, but for the benefit of the plaintiff, while paragraphs 10 to 19, inclusive, carry provisions for the sole protection of the plaintiff. The plaintiff in other words proposes to "eat his cookie and have it too." Some of the courts have applied the name hybrid contracts to them. Ferry & Co. v. Hall, 188 Ala. 178, 66 South. Rep. 104, L. R. A. 1917B 620, Note 626, for full discussion of the subject. Virginia-Carolina Chemical Co. v. Fuffin, 126 Miss. 80, 88 South. Rep. 500.

In careful analysis of all its provisions we think the interpretation of the contract here announced must be the one consistent with reason, probability and the practical aspect of the transaction between the parties. This seems to have been the view entertained by the court below, and it not being made to appear that error was committed, his judgment is affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.