PER CURIAM.
The question which confronts us on this appeal is whether the trial court erred in entering a summary judgment in defendant-.appellees' favor.
Our Supreme Court in a recent decision, Holl v. Talcott, 191 So.2d 40 (Fla.1966) has reiterated the rule to be followed in a summary judgment proceeding. It is stated there that the moving party has the burden of conclusively proving that there does not exist genuine issues of material fact to be tried; When the moving party has fulfilled this requirement then the party moved against must come forward and present sufficient evidence showing the existence of genuine triable issues of material fact or suffer a summary judgment against him.
It was the trial judge's opinion and we agree that the defendant had met the burden of proving the non-existence of a genuine triable issue of material fact. Plaintif f-appellant having failed to come forward and prove the existence of a genuine triable issue of material fact the entry of summary judgment for the defendant was warranted. The trial judge entered a thorough and comprehensive order stating in detail the case law and statutory law upon which he relied in reaching his decision. We find no error in same.
Since reversible error has not been made to appear in this cause, the judgment appealed from is hereby affirmed.
WIGGINTON, Acting C. J., CARROLL, DONALD K., and JOHNSON, JJ., concur.