199 So.2d 461 (1967)
Emil BIRO, Petitioner,
v.
Walter G. GEISER and Louis Kottle, As Co-Executors of the Estate of Charles Geiser, Deceased, Respondents.
No. 36074.
Supreme Court of Florida.
May 31, 1967.
*462 Paul R. Stern, Daytona Beach, for petitioner.
Black, Cobb, Cole, Crotty & Sigerson, Daytona Beach, for respondent.
DREW, Justice.
The petition in this cause is for review of a decision of the district court[1] affirming a summary judgment for the defendant executors in an action on promissory notes of their decedent, Charles Geiser.
The appellate opinion expressly approved the ruling of the trial court that *463 defendant was entitled to summary judgment on motion claiming absence of consideration, although no proofs by either party were admitted on this issue raised by the defendant's answer and motion. The decision was that the plaintiff had the burden of presenting evidence to prove a triable issue on the point and "[p]laintiff-appellant having failed to come forward and prove the existence of a genuine triable issue of material fact the entry of summary judgment for the defendant was warranted."[2] Certiorari has been granted on the basis of conflict with recent decisions of this Court delineating the rule that unless the record shows the absence of an essential fact, a party opposing a motion for summary judgment has no obligation to put in evidence on any issue raised by the motion even though he would have the burden of proof on that point at trial.[3]
The determinative question in the case, then, is whether the record before the court showed an absence of consideration so as to prevent application of the usual rule placing the burden of proof upon the moving party in summary judgment proceedings. The court found that the denial of consideration by defendants' answer was, under F.S. Sec. 52.08, F.S.A.,[4] "sufficient to overcome the prima facie validity of the note. Failure of the plaintiff to come forward with any proof by way of counter-affidavit or otherwise to show that there was a material issue of fact to be resolved makes the entry of the summary judgment necessary. * * * " The statute relied on does not in our opinion support the decision. So far as here applicable, it provides only that upon denial of consideration by a defendant executor's answer the burden of proof shall be on plaintiff to prove consideration. The effect of defendant's plea is to cancel whatever privilege is accorded plaintiff under the first part of the statute and leave the litigants in the position of parties unaffected by such provisions. The rules for disposition of a motion for summary judgment would therefore apply in precisely the same manner as in actions unaffected by Sec. 52.08.
We think the rule in this situation is settled, as stated in the Visingardi opinion, supra, that the party opposing such motion has no obligation to put in evidence on the point even though he would have the burden of proof on that point at trial. The problem is therefore clearly distinguished from that presented on motion for directed verdict. Because the record on the issue in dispute in this case consists simply of the parties' pleadings,[5] the record does not conclusively *464 show an absence of consideration or an absence of a triable issue on that point.[6] It is true that application of the dead man's statute, F.S. Sec. 90.05, F.S.A., which was invoked to exclude an affidavit proffered by plaintiff in this cause, results in absence of proof of consideration at this point, but that is not, of course, equivalent to proof of absence of consideration, which is necessary to sustain summary judgment for a defendant who offers no proof in support of his plea and motion as in this case. This result is not precluded by the construction of Sec. 52.08 as creating an exception to Sec. 674.27[7] so as to overcome prima facie validity of a note under the latter provision whenever the requisite plea of impeachment is filed. While it has been held that judgment at trial cannot be entered upon the note alone in the face of a plea of impeachment under the statute,[8] this principle does not, as above indicated, affect the burden of proof upon the moving party in summary judgment proceedings to establish conclusively the absence of a triable issue, and the exclusion of an affidavit voluntarily offered by plaintiff does not eliminate the possibility of other proof on the issue. Although the trial court in the case at bar states "counsel for plaintiff confesses the inability of his client to testify as to any facet of the transaction with defendant's decedent, thus confessing that his only evidence consists of the notes themselves," we are unable to determine upon the record at this time that that conclusion is warranted.
The petition here is further supported by plaintiff's contention that the statute in question, Sec. 52.08, supra, is in conflict with, and therefore superseded by, those provisions[9] of the Florida Rules of Civil Procedure requiring affirmative defenses, including failure of consideration, to be designated and proved as such by defendant, and eliminating the necessity and effect of sworn pleadings under the former system. We find this reasoning persuasive and conclude, upon study of the history and application of the statute in earlier cases[10] that its provisions are in substantial part inconsistent with current practice and should for this reason be deemed inoperative[11] since the remaining portions add nothing to the effect of the negotiable instruments law, Sec. 674.27, supra.
The decision of the appellate court is quashed and the cause remanded with directions for further proceedings in accordance with this opinion.
THORNAL, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] 193 So.2d 51.
[2] Ibid, p. 52.
[3] Visingardi v. Tirone, Fla. 1967, 193 So.2d 601; Holl v. Talcott, Fla. 1966, 191 So.2d 40.
[4] "Actions upon negotiable and other instruments; consideration, etc.  All bonds, notes, covenants, deeds, bills of exchange, and other instruments of writing not under seal, shall have the same force and effect (so far as the rules of pleading and evidence are concerned) as bonds and instruments under seal.

"The assignment or endorsement of any such instruments of writing shall vest the assignee or endorsee with the same rights, powers and capacities as might have been possessed by the assignor or endorser. And he may bring suit thereon, and it shall not be necessary for the plaintiff in any suit upon an instrument assignable by law to set forth in the declaration the consideration upon which the instrument was given, or upon which such assignment or endorsement was made, nor to prove such consideration or the execution of such instrument, unless the same shall be impeached by the defendant under oath. An executor or administrator, however, may deny the execution or consideration aforesaid by answer not under oath."
[5] The history of Sec. 52.08 is traced in some detail by the trial court to establish the proposition that it elevates an impeachment plea to the status of evidence, but the decisions pertain uniformly to the effect of such a plea in meeting or shifting the ultimate burden of proof at trial. White v. Camp, Fla. 1946, 1 Fla. 94; Prescott v. Johnson, Fla. 1859, 8 Fla. 391; Reddick v. Mickler, 1887, 23 Fla. 335, 2 So. 698; McCallum v. Driggs, 1895, 35 Fla. 277, 17 So. 407.
[6] Cf. Locke v. Stuart, Fla.App. 1959, 113 So.2d 402, sustaining entry of summary judgment upon submission of substantial evidence by the moving party to rebut a statutory presumption of validity of a tax deed.
[7] "Consideration presumed  Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."
[8] Maloney v. McBride's, Inc., Fla. 1950, 44 So.2d 296.
[9] Rules 1.8(d) and 1.5(a), F.R.C.P., 30 F.S.A.
[10] Note 5, supra.
[11] Art. V, Sec. 3, Fla. Const., F.S.A.