241 So.2d 165 (1970)
Warren O. WINDLE, As Executor of the Estate of John P. Ley, Also Known As Jack P. Ley, Deceased, Appellant,
v.
Hermann SEBOLD and Harriet Sebold, His Wife, Appellees.
Nos. 69-754, 69-755.
District Court of Appeal of Florida, Fourth District.
November 25, 1970.
Fred R. Bland, of Buckley & Bland, Fort Lauderdale, for appellant.
William E. Blyler, of Patterson, Maloney & Frazier, Fort Lauderdale, for appellees.
OWEN, Judge.
In this suit on a promissory note against the personal representative of the deceased *166 maker, the nonjury trial resulted in a final judgment for the plaintiffs for the amount of the principal and interest on the note, and a separate and subsequent judgment for plaintiffs awarding costs and attorneys' fees. The personal representative's separate appeals from these two judgments are consolidated.
At the pleading stage, the defendant's answer denied that his decedent had executed the note, and also alleged certain affirmative defenses including (a) lack of consideration for the note, and (b) estoppel. At a subsequent date the answer was amended to add the further affirmative defense of payment. The plaintiff moved to strike the affirmative defenses of lack of consideration and estoppel. The order granting this motion to strike is assigned as error.
A motion to strike an affirmative defense alleged in an answer tests the legal sufficiency of such defense. Lack of consideration being a valid defense to a suit on a promissory note, Blackshear Mfg. Co. v. Fralick, 1925, 88 Fla. 589, 102 So. 753, it was error to strike such defense. It is apparent that the court did so because the defendant executor had testified in deposition that the only sources of information upon which he had based the defense of lack of consideration were oral statements made to the defendant by the decedent during the latter's lifetime. It may be that at the trial the defendant will be unable to offer any competent evidence to sustain such affirmative defense (the burden of proof of which appears to be on the defendant notwithstanding the statutory language found in Section 68.06, F.S. 1967, F.S.A. Biro v. Geiser, Fla. 1967, 199 So.2d 461). But a defense which is legally sufficient is not subject to a motion to strike under Rule 1.140(f) RCP, 30 F.S.A., simply because at some time prior to trial it appears that the defendant may be unable to produce evidence at the trial to sustain such defense.
Although the note in question was secured by a mortgage on real property, plaintiffs had sued on the note only. The defendant, in support of his affirmative defense of payment, sought to offer into evidence a document entitled "Satisfaction of Mortgage" which acknowledged payment of the note as well as satisfaction of the mortgage lien, and which document ostensibly had been executed by the plaintiffs. The court refused to admit such document into evidence and this is assigned as error.
The satisfaction of mortgage document was dated and recorded in May, 1966 (nearly one year prior to the death of defendant's decedent). There was one subscribing witness, Mary Ann Ehrhardt, daughter of Mrs. Sebold. The acknowledgment was taken before one Edward R. Hume, a notary public, under whose signature was a rubber stamped impression showing expiration of commission as May, 1964. To prove the authenticity of the plaintiffs' signature on the satisfaction of mortgage, the defendant submitted an almost overwhelming amount of evidence. Three bank officers from banks where plaintiffs had checking accounts, and the defendant himself who had previously represented the plaintiffs professionally, all identified the signatures as genuine. The defendant then placed in evidence some forty exhibits of the plaintiffs' signatures on other documents the genuineness of which were admitted by the plaintiffs. On the basis of these proven standards and pursuant to Section 92.38, F.S. 1967, F.S.A., a Mr. Robert Lynch, whom the court permitted to testify as an expert examiner of questioned documents, testified that the signatures of the plaintiffs on the satisfaction of mortgage were genuine. None of this evidence was contradicted or impeached, and the court itself found as a fact that the plaintiffs' signatures on the satisfaction of mortgage were genuine. Nonetheless, the court refused to admit the document into evidence because there had been no showing of execution with the formalities required by law or of a delivery to the defendant's decedent.
The document should have been admitted into evidence. In order to entitle *167 the written satisfaction of mortgage to be recorded it would have to be duly acknowledged in the manner provided for the acknowledgment of deeds. Sections 28.22, 701.04 and 695.03, F.S. 1967, F.S.A. But as to the document's validity vel non, neither an acknowledgment, nor subscribing witnesses nor any other formality of execution is required. Since there was competent evidence that the plaintiffs' signatures on the satisfaction of mortgage were authentic, and the defendant's possession of the document was prima facie evidence of its delivery, in the absence of any proof to the contrary the validity of the document was established and should have been considered as evidence relative to the affirmative defense of payment.
Appellees contend that there is still in effect in this state the common law principle that when a written instrument attested by a subscribing witness is offered as evidence, its execution must be proved by such subscribing witness if he is available as a witness and is competent to testify.[1] Since the subscribing witness, Mary Ann Ehrhardt, was present in the courtroom during the trial, the appellees conclude that the only proper means to prove the execution of the document was through her testimony and since appellant failed to utilize this witness, the court was correct in refusing to admit the document into evidence.
It is our view that this common law rule was long ago abolished as part of the adjective law of this state. Rule 61, Common Law Court Rules,[2] was adopted by the Supreme Court of Florida on April 27, 1936, and became effective October 1 of that year. Although subsequent revisions of the rules did not incorporate a similar provision, we do not consider such omission as reviving the common law principle. Other aspects of the common law principle have been abrogated by statute (now Section 92.38, F.S. 1969, F.S.A.), the effect of such statute upon the common law principles having been heretofore ably discussed in other cases.[3]
In reversing the judgment awarding plaintiffs the principal and interest on the note, we necessarily must set aside the separate judgment awarding plaintiffs their costs and attorneys' fees. The judgments are severally reversed and this cause remanded for a new trial.
Reversed and remanded.
WALDEN and McCAIN, JJ., concur.
NOTES
[1] See: 13 Fla.Jur., Evidence, §§ 341 and 343; 29 Am.Jur.2d Evidence, §§ 850-853; 32 C.J.S. Evidence § 739; 4 Wigmore on Evidence, §§ 1285 thru 1294; Skinner v. Pinney, 1882, 19 Fla. 42; Williams v. Keyser, 1866, 11 Fla. 234.
[2] Rule 61. Evidence  Documentary  Handwriting  Proof of. Any party offering in evidence any deed or instrument or writing, may prove the handwriting of the person executing such deed or instrument by any competent evidence or may prove the handwriting of the witnesses to such instrument (if there be such) by like evidence; or may prove the handwriting of either the makers or witnesses to such instrument by comparison thereof with other genuine handwriting of such makers or witnesses and thereupon said instrument of writing shall be admitted in evidence.
[3] Thompson v. Freeman, 1933, 111 Fla. 433, 149 So. 740; Clark v. State, Fla. App. 1959, 114 So.2d 197; Chemical Corn Exchange Bank & Trust Co. v. Frankel, Fla.App. 1959, 111 So.2d 99.