413 So.2d 458 (1982)
BILTMORE SYSTEMS, INC., a Florida Corporation, Appellant,
v.
MAI KAI, INC., a Florida Corporation D/B/a Mai Kai Restaurant, the Travelers Indemnity Company and Richard Brown Agency, Inc., Appellees.
No. 79-2054.
District Court of Appeal of Florida, Fourth District.
May 5, 1982.
*459 Jack Whitelock, Jr., of Bedford & Whitelock, Miami, for appellant.
Edward G. Stephany of Marko, Stephany, Lyons & Dow, Fort Lauderdale, for appellee-Mai Kai, Inc.
HURLEY, Judge.
The issue in this case is whether the risk of loss on a `loaner' automobile remained with the lessor or passed to the lessee pursuant to the terms of the leasing agreement. We conclude that the contract's plain meaning placed the risk of loss on the lessee and, therefore, we reverse the lessee's favorable summary judgment.
Lessor/appellant, Biltmore Systems, Inc., is a car leasing company. In December, 1975, Biltmore agreed to lease a 1976 Pontiac Grand Prix to lessee/appellee, Mai Kai, Inc., for 24 months. In the contract, Mai Kai agreed to indemnify Biltmore for any damage, loss, theft or destruction of the vehicle during the lease term. Mai Kai also obligated itself to provide comprehensive insurance, including theft coverage.
On December 29, 1976, Biltmore picked up the Grand Prix for repairs and left a 1975 Lincoln Continental as a `loaner' for Mai Kai. The Lincoln was stolen and Biltmore claims that Mai Kai is responsible for its loss. Mai Kai, however, argues that it never became responsible for the Lincoln because it was an "additional vehicle" as defined by the contract and, since no written addendum to the lease had been executed, the contractual provisions did not apply and the risk of loss did not pass to Mai Kai. The trial court agreed with Mai Kai and granted a summary judgment from which Biltmore appeals.
At issue are two provisions in paragraph 15 of the leasing contract. The first sentence of the paragraph reads as follows: "Additional vehicles may be included in this lease by addenda to Schedule A mutually executed by Lessor and Lessee from time to time." Mai Kai contends this provision requires a mutually executed agreement as to the `loaner' car before the indemnification and insurance provisions of the contract come into effect. This position might be tenable were it not for another sentence in the same paragraph relating to `substitute vehicles.' It states: "Lessor may, at any time, substitute a similar vehicle for any vehicle and the substitute shall be subject to all of the provisions of this lease as if it were the original vehicle." (Emphasis supplied.)
It is fundamental that where a contract is clear and unambiguous in its terms the court may not give those terms any meaning beyond that expressed. Hamilton Construction Co. v. Board of Public Instruction, 65 So.2d 729 (Fla. 1953); 11 Fla.Jur.2d Contracts § 101 (1979). Where ambiguity exists, however, the court should arrive at an interpretation "consistent with reason, probability, and the practical aspect of the transaction between the parties." Blackshear Manufacturing Co. v. Fralick, 88 Fla. *460 589, 102 So. 753, 754 (Fla. 1925); 11 Fla. Jur.2d Contracts § 104 (1979).
We believe the terms of the contract are clear and unambiguous. Even if there were some question as to their plain meaning, our interpretation would be the same since logic and reason dictate the same result. The language concerning additional vehicles applies to situations in which Mai Kai, having already leased one car, seeks to obtain another under the same lease. There, an addendum detailing special terms as to the second car would clearly be warranted. On the other hand, the contract's language regarding substitution of vehicles refers to the situation in which one vehicle is exchanged for the original. In other words, "additional vehicles" connotes two or more, whereas "substitution of vehicles" suggests one in place of the other. This distinction is further evidenced by paragraph 15's heading which reads: "Additional Vehicles; Extended Term; Substitution of Vehicles." Each phrase is complete, indicating that `additional' vehicles and `substitute' vehicles are two separate categories.
We conclude that under the plain meaning of the terms of the contract the Lincoln was a substitute vehicle for which the risk of loss passed to the lessee, Mai Kai. Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting:
I dissent on jurisdictional grounds.