PER CURIAM.
The trial court entered summary final judgment against the plaintifffappellant in his action against the estate of James Wemyss upon an alleged renewal note executed by *593 the decedent in 1990. We reverse and remand for trial on appellant’s action to collect principal and interest on that note.
As for the earlier alleged note, now lost, for which the 1990 note was an alleged renewal, we affirm summary final judgment against appellant upon any claim arising out of same. Accordingly, appellant may not collect upon the original note itself.
The dead man’s statute prohibits interested witnesses from testifying about oral communications between the interested person and the decedent. § 90.602, Fla.Stat. An interested person is not prohibited, however, from testifying regarding written transactions or written communications with the decedent. Sun Bank/Miami, N.A v. Saewitz, 579 So.2d 255 (Fla. 3d DCA1991). Testimony regarding nonverbal conduct, such as execution, delivery and negotiation of a contract, is not barred by the dead man’s statute. Id. at 257 (Cope, J., specially concurring).
To the extent that appellant’s deposition testimony and affidavit did not refer to oral conversations with the decedent, such evidence is not barred by the dead man’s statute to explain the execution or negotiation of the 1990 note. Furthermore, neither appellant’s testimony regarding the decedent’s mental competency, nor his testimony as to services he performed, is barred by the dead man’s statute. This permitted testimony is sufficient to raise an issue of fact regarding the circumstances surrounding the execution of the 1990 renewal note and consideration therefor. As appellee argues, however, the dead man’s statute does bar such testimony as it relates to the original 1971 note and agreement because appellant could not produce any written document on these. Sun Bank/Miami, 579 So.2d at 256.
As for the question of lack of consideration for the 1990 note, the ease that is most analogous to the present case is Biro v. Geiser, 199 So.2d 461 (Fla.1967), upon which both parties rely. In Biro, an action to collect on a promissory note, the defendant asserted lack of consideration in his answer and summary judgment motion. The plaintiff responded with an affidavit, which the trial court determined to be inadmissible by application of the dead man’s statute. The supreme court explained that where the defendant moves for summary judgment on the basis of lack of consideration for a promissory note, the burden of proof shifts to the plaintiff to show an issue of consideration only if the record shows an absence of consideration. Where absence of consideration is not conclusively shown, summary judgment must be denied. The court explained that proof of an absence of consideration is not met by merely showing an absence of proof of consideration. Id. at 464. Accordingly, appellee misconstrues this ease in its answer brief where it suggests that Biro stands for the proposition that a valid challenge to the consideration of a note is alone sufficient to shift the burden to the creditor/appellant to prove that consideration exists.
Appellee further argues that, unlike in Biro, the record in the present case does conclusively establish proof of absence of consideration. Appellee’s conclusion is based on its argument that appellant’s testimony regarding consideration is not admissible and appellant’s admission that he has no written evidence of the alleged original 1971 note. Given our earlier discussion of the dead man’s statute regarding the 1990 note, the record does not conclusively establish proof of absence of consideration.
Because of our reversal of the summary final judgment on the 1990 note, there being genuine issues of material fact as to same, appellant should be permitted to amend his pleadings on remand to reflect the alleged renewal to have been of a 1971 instrument, rather than a 1973 instrument.
GLICKSTEIN, WARNER and POLEN, JJ., concur.