PER CURIAM.
This appeal arises out of a post-dissolution proceeding. The Husband challenges the trial court’s order construing an arbitration provision contained within a final judgment of dissolution of marriage. We reverse.
In 1990, the trial court entered a final judgment, which was based on a stipulated agreement, dissolving the Paneson’s marriage. The final judgment provided for binding arbitration to resolve issues of valuation and distribution of certain property. On the day that the arbitration session was scheduled to commence in 1997, a dispute arose concerning which marital property was subject to the arbitration proceeding. At the request of the arbitrator, the trial court conducted an emergency hearing to clarify the scope of the arbitration provision.
Despite the parties’ attempt to expand the record on appeal beyond that which was considered below, we have limited our review to the evidence that was before the trial judge, which was only the final judgment itself. We have also considered the arguments presented to the trial judge at the emergency hearing.
The trial judge ruled that the issues to be arbitrated related only to the real and personal property described in paragraph B on page 7 of the final judgment. This interpretation of the judgment precluded arbitration on the personal property referred to in paragraph A. This appears to be an erroneously restrictive interpretation of the arbitration provision set forth in paragraph C on page 8 for the following reasons.
First, because there is no explicit language indicating that paragraph C does not apply to both paragraphs A and B, the trial court construed the arbitration provision more narrowly than a plain reading of the document would dictate. Furthermore, the only way that each party could be deemed to have received “an equal amount of valuation” as expressly contemplated in paragraph C is for the personal property in paragraph A to be included in the arbitration.
Generally, where ambiguity exists in contract construction, the court should arrive at an interpretation “consistent with reason, probability, and the practical aspect of the transaction between the parties.” Biltmore Sys., Inc. v. Mai Kai, Inc., 413 So.2d 458, 459 (Fla. 4th DCA 1982) (quoting Blackshear Mfg. Co. v. Fralick, 88 Fla. 589, 102 So. 753, 754 (Fla.1925)). Our conclusion that the per *387 sonal property mentioned in paragraph A was to be included in the total valuation is consistent with what was presumably the intent of the parties: to use the arbitration process to arrive at an equitable distribution of their assets.
Thus, we reverse the trial court’s order. However, we note that the Husband is also seeking to include valuation of personal property that is not distributed by or even mentioned in the final judgment: bank accounts, silver bars, and household furnishings. Our construction of the arbitration provision in paragraph C does not permit the Husband to expand the definition of personal property in paragraph A to include property beyond that which is specifically itemized in the final judgment.
Reversed and remanded.
PARKER, C.J., and BLUE and FULMER, JJ., Concur.