BLANC, PETER D., Associate Judge.
Traci Communications, Inc. (Traci) is a Florida Corporation that is in the business of providing telephone answering services to its customers. In 1997, the Department of Revenue (DOR) completed a sales tax and gross receipts tax audit on Traci for the period from August 1, 1992 through December 31, 1996. As a result of the audit, DOR determined that additional taxes were due from Traci. Traci appeals the portion of the DOR assessment imposing sales and gross receipts taxes on the voice mail services provided by Traci. We affirm.
Traci argues that voice mail services, an outgrowth of manual telephone answering services which use live operators, are not subject to either sales or gross receipts taxes because the services are not specifically included within the definition of telecommunication services found in section 203.012, Florida Statutes (1997). However, a careful analysis of the statute leads to a contrary conclusion.
The definition of telecommunication service includes local telephone service. See § 203.012(5)(a), Fla. Stat. (1997). Local telephone service is defined as “(a) The access to a local telephone system, and the privilege of telephonic-quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system; or (b) Any facility or service provided in connection with a service described in paragraph (a).” § 203.012(3)(a) & (b), Fla. Stat. (1997) (emphasis added).
Clearly, Traci’s voice mail answering services are provided “in connection with” the local telephone service as defined by statute. Because the services fall within the statutory definition of local telephone service they also fall within the statutory definition of telecommunication service, which specifically includes local telephone services. See § 203.012(5)(a), Fla. Stat. (1997). Consequently, the charges for Traci’s voice mail services are subject to gross receipts tax and sales tax pursuant to Chapters 203 and 212 of the Florida Statutes. Although it is a fundamental rule of construction that tax laws are to be construed strongly in favor of the taxpayer and against the government, and that all ambiguities or doubts are to be resolved in favor of the taxpayer, Maas Bros., Inc. v. Dickinson, 195 So.2d 193 (Fla.1967), this court finds no ambiguity in the application of the relevant statutory language to the facts of this case.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.