DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMIE DEROIN, D.V.M.,**
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION, BOARD OF VETERINARY MEDICINE,**
Appellee.

No. 4D13-4093

[March 25, 2015]

Appeal from the State of Florida, Department of Business and Professional Regulation, Board of Veterinary Medicine, Case No. 2012-046327.

David S. Romanik of David S. Romanik, P.A., Oxford, for appellant.

Garnett W. Chisenhall and J. Layne Smith, Tallahassee, for appellee.

DAMOORGIAN, C.J.

Jamie DeRoin, D.V.M., appeals the State of Florida, Department of Business and Professional Regulation ("DBPR"), Board of Veterinary Medicine's final order imposing discipline against her veterinary license. We affirm in part and reverse in part.

Dr. DeRoin is a veterinarian licensed by the DBPR Board of Veterinary Medicine ("the Board"). She also holds an occupational license issued by the DBPR Division of Pari-Mutuel Wagering ("PMW"), which allows her to provide veterinary care to racehorses at pari-mutuel facilities. On August 25, 2012, Dr. DeRoin was late to administer medication to a racehorse at a pari-mutuel facility and as a result, the horse was scratched from the race.

On September 22, 2012, Dr. DeRoin participated in an informal hearing before one of the state stewards.[1] At the hearing, Dr. DeRoin

---

[1] Rule 61D-3.001(2) of the Florida Administrative Code requires that each horseracing permitholder "establish a board of three stewards, at least one of

admitted that she was late to treat the horse and the state steward informed her that she would be fined $200.  Dr. DeRoin did not receive a written order at that time and she did not report the ruling to the Board.  On November 9, 2012, Dr. DeRoin saw the state steward at the racing office and inquired about the written order.  The state steward informed her that he gave the order to the horsemen's bookkeeper the day before.  Dr. DeRoin went to see the bookkeeper and paid the fine that day.

The DBPR learned about the PMW ruling during an investigation of Dr. DeRoin that commenced on November 1, 2012.  Thereafter, the DBPR filed an administrative complaint alleging that Dr. DeRoin violated paragraphs (b) and (jj) of section 474.214(1), Florida Statutes (2012).  Paragraph (b) allows the Board to discipline a veterinarian who has "a license or the authority to practice veterinary medicine revoked, suspended, or otherwise acted against . . . by the licensing authority of any jurisdiction, including any agency or subdivision thereof."  *See* § 474.214(1)(b), Fla. Stat.  Paragraph (jj) allows the Board to discipline a veterinarian for "failing to report to the board within 30 days, in writing, any action set forth in paragraph (b) that has been taken against the practitioner's license to practice veterinary medicine by any jurisdiction, including any agency or subdivision thereof."  § 474.214(1)(jj), Fla. Stat.

Dr. DeRoin requested a formal administrative hearing pursuant to section 120.57(1), Florida Statutes (2012), alleging that the complaint concerned disputed issues of material fact.  The DBPR denied Dr. DeRoin's formal hearing request and the Board conducted an informal hearing.  The Board concluded that Dr. DeRoin violated section 474.214(1)(b) based on the PMW ruling.  The Board also concluded that Dr. DeRoin violated section 474.214(1)(jj) based on her failure to self-report the ruling to the Board within thirty days of the written order.  The Board issued an order imposing a $1,000 fine against Dr. DeRoin for both violations and requiring her to retake and pass the Florida Veterinary Medicine Laws and Rules Examination.  This appeal follows.

Because we agree that Dr. DeRoin violated section 474.214(1)(b) based on the PMW ruling, we recognize that she was obligated to report the ruling to the Board in writing within thirty days of the written order.  *See* § 474.214(1)(jj), Fla. Stat.  The DBPR maintains that the thirty-day

whom shall be the state/division steward selected and hired by the division."  Fla. Admin. Code R. 61D-3.001(2).  The board of stewards hears alleged violations of the statutes and rules governing horseracing and must issue a written order within fourteen days after the hearing.  Fla. Admin. Code R. 61D-3.001(2), (19).

reporting period began on September 22, 2012—the date Dr. DeRoin appeared before the state steward and received oral notice of the $200 fine. Dr. DeRoin counters that the reporting period did not commence until she received the PMW's written order.

Section 474.214(1)(jj), Florida Statutes does not specify when the thirty-day reporting period commences. It merely allows the Board to impose discipline on a veterinarian for "failing to report to the board within 30 days, in writing" any adverse action taken against his or her license to practice veterinary medicine. § 474.214(1)(jj), Fla. Stat. Although we generally defer to an agency's interpretation of the statutes it administers, statutes authorizing sanctions or penalties against a person's professional license "are deemed penal in nature and must be strictly construed, with any ambiguity interpreted in favor of the licensee." *See Elmariah v. Dep't of Prof'l Regulation, Bd. of Med.*, 574 So. 2d 164, 165 (Fla. 1st DCA 1990). In light of this standard, the imprecise language of section 474.214(1)(b), and the administrative rule requiring three stewards to issue a written order, *see* Fla. Admin. Code R. 61D-3.001(2), (19), we hold that the oral notice Dr. DeRoin received from a single state steward was insufficient to trigger the thirty-day reporting period.

The record does not establish when the written order was signed by three stewards or if and when the written order was sent to Dr. DeRoin. Therefore, it is impossible for us to determine when the thirty-day reporting period commenced. Because administrative cases involving disputed issues of material fact must be referred to the Division of Administrative Hearings, *see* § 120.57(1), Fla. Stat.; *Gonzalez v. Dep't of Bus. & Prof'l Regulation*, 958 So. 2d 494, 495 (Fla. 3d DCA 2007), we hold that Dr. DeRoin was entitled to a formal administrative proceeding. Accordingly, we reverse and remand this case for a formal hearing to determine when the written order was entered and whether Dr. DeRoin violated section 474.214(1)(jj) by failing to report the ruling to the Board within thirty days of that date. We affirm in all other respects.

*Affirmed in part, Reversed in part, and Remanded.*

CONNER and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**