LEVINE, J.,
concurring specially.
I concur with the majority opinion and find that the language drafted by Allstate in its policy is ambiguous and thus compels a reversal.
In considering the specific provisions of this insurance contract, this case at its core rests on the following determination: if the provisions are unambiguous, then the insured has the sufficient notice required by the Florida Supreme Court in Virtual Imaging. However, if the provisions in question are ambiguous or can be susceptible to differing interpretations, then the insured does not have the sufficient notice mandated. “Policy language is considered to be ambiguous ... if the language ‘is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.’ ” Washington Nat’l Ins. Corp. v. Ruderman, 117 So.3d 943, 948 (Fla.2013) *27 (quoting State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So.3d 566, 570 (Fla.2011)).
The policy included a provision, in accordance with the Florida Motor Vehicle No-Fault Law, stating that Allstate would pay to or on behalf of an injured person the following benefits for medical expenses: “Eighty percent of reasonable expenses for medically necessary medical, surgical, X-ray, dental and rehabilitative services, including prosthetic devices, and medically necessary ambulance, hospital and nursing service.”
In a policy endorsement amending the provision, the Allstate policy included the following: “Any amounts payable under this coverage shall be subject to any and all limitations authorized by 627.736, or any other provisions of the Florida Motor Vehicle No-Fault Law, as enacted, amended or otherwise continued in the law, including but not limited to, all fee schedules.”
Thus, our reading of the policy depends on what words or phrases would dominate the review. Is it “shall” as a mandatory command, is it “subject to” as a permissive instruction, or is it “shall be subject to” which is an amalgamation of both mandatory commands and permissive suggestions? The basic rules of contract interpretation instruct us to read the provisions in whole and not in isolated parts. Blackshear Mfg. Co. v. Fralick, 88 Fla. 589, 102 So. 753, 754 (1925). “Courts should ‘avoid simply concentrating on certain limited provisions to the exclusion of the totality of others.’ ” Ruderman, 117 So.3d at 948 (quoting Swire Pac. Holdings v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003)). Further, ambiguities are to be construed against the drafter. Hurt v. Leatherby Ins. Co., 380 So.2d 432, 434 (Fla.1980).
These principles of contract interpretation share a commonality with the principles of statutory interpretation. See OB/ GYN Specialists of Palm Beaches, P.A. v. Mejia, 134 So.3d 1084, 1093 (Fla. 4th DCA 2014) (stating that a statute is ambiguous “[w]here there is more than one reasonable interpretation”); Daneri v. BCRE Brickell, LLC, 79 So.3d 91, 94 (Fla. 3d DCA 2012) (“When interpreting a statute, we interpret its language and the resulting operation of its terms by reading the statute as a whole to give it meaning in its entirety.”); Traci Commc’ns, Inc. v. Fla. Dep’t of Revenue, 737 So.2d 1255, 1256 (Fla. 4th DCA 1999) (recognizing rule that ambiguities in tax law are to be construed against taxing authority and in favor of taxpayer); DeRoin v. State, Dep’t of Bus. & Prof'l Regulation, Bd. of Veterinary Med., 160 So.3d 516 (Fla. 4th DCA 2015) (recognizing that statutes authorizing sanctions or penalties against a person’s professional license are to be interpreted in favor of the licensee). Because of these commonalities, it is useful to examine cases involving statutory as well as contractual interpretation in analyzing the case at bar.
Courts have through the years interpreted the phrase “shall be subject to” with obvious contradictory results. Some cases state that “shall be subject to” is a clear mandatory command. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1397 (9th Cir.1995) (majority finding “shall be subject to” imposes mandatory civil penalties); Beardsly v. Chicago & N.W. Transp. Co., 850 F.2d 1255, 1264 (8th Cir. 1988) (finding “shall be subject to” is mandatory); Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 59 A.3d 561, 568 (2013) (reading phrase “shall be subject to” as mandatory to give effect to entire provision); Tilcon Conn., Inc. v. Town of N. Branford, 37 Conn. L. Rptr. 750 (Conn.Super.Ct.2004) (listing cases finding “shall be subject to” is mandatory); TJX Cos., Inc. v. Superior Court, 163 Cal. App.4th 80, 77 Cal.Rptr.3d 114, 118 (2008) *28 (stating “shall be subject to” imposes a mandatory obligation). See also Allstate Fire & Cas. Ins. v. Stand-Up MRI of Tallahassee, P.A., — So.3d -, 2015 WL 1223701, 40 Fla. L. Weekly D693 (Fla. 1st DCA Mar. 18, 2015) (finding, without analyzing phrase “shall be subject to,” that insurance policy gave sufficient notice as required by statute).
Alternatively, other eases declare that “shall be subject to” is permissive and thus discretionary in nature. Fallis v. City of N. Miami, 127 So.2d 883, 884 (Fla.1961) (finding that “shall be subject to referendum” permits a referendum); Leslie Salt, 55 F.3d at 1397-98 (dissent concluding that “shall be subject to” imposed a discretionary civil penalty); Pace Props., LLC v. Excelsior Constr., Inc., 3:08CV345/MCR/EMT, 2008 WL 4938412, at *3 (N.D.Fla.2008) (listing cases finding “shall be subject to” is permissive); City of Rochester v. Corpening, 153 N.H. 571, 907 A.2d 383, 387 (2006) (majority finding that clause “shall be subject to” granted authority rather than imposed an obligation); Mena Films, Inc. v. Painted Zebra Prods., Inc., 831 N.Y.S.2d 348 (N.Y.Sup.Ct.2006) (finding “shall be subject to” language in jurisdiction-conferring clause permissive).
Once again, by demonstrating there is ' more than one reasonable interpretation of this provision, the basic rules of contract interpretation, which we are bound by, instruct us to find against the drafter, and find for more expansive insurance coverage.
The case of Fallís v. City of North Miami is instructive. In Fallís, taxpayers attempted to contest a municipal bond by stating that the bond issuance required a referendum by the voters, where the provision stated that' “[a]ll bonds or other evidence of indebtedness issued hereunder shall be subject to referendum....” 127 So.2d at 884.
The Florida Supreme Court stated,
A casual examination of the quoted provision might suggest merit in appellants’ position. However, upon closer scrutiny, it will be seen that all that this section provides is that the described evidences of indebtedness ‘shall be subject to referendum.’ The provision is not mandatory; it is obviously intended to permit a referendum on a bond ordinance when such is demanded in accordance with other provisions of the municipal charter.
Id. Similarly, in the present case, an initial or “casual examination” may seem to suggest a mandatory provision, but under “closer scrutiny,” the provision “shall be subject to” is “not mandatory.”
Further, judges and commentators have recognized that even the solitary use of the word “shall” is “in short ... a semantic mess. Black’s Law Dictionary records five meanings for the word.” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 113 (2012). As Scalia and Garner noted, to solve the problem of the diverse meanings of “shall,” there has been a movement “to rewrite the federal rules ... to remove all the shalls and otherwise restyle them.... Each shall became must, is, or may.” Id. at 114. See also Bryan A. Garner, Legal Writing in Plain English 106 (2001) (“[T]he Federal Rules of Appellate Procedure and the Texas Rules of Appellate Procedure have recently been revamped to remove all shalls.”).[3] “In just about every jurisdiction, courts have held that shall can mean *29 not just must and may, but also will and is. Even in the U.S. Supreme Court, the holdings on shall are cause for concern.” Id. at 105 (footnotes omitted).[4]
Of course, Allstate could have written its policy to explicitly say that it “must” or “will” pay according to the limitations authorized by the statute. Then the policy would be clear and unambiguous. At oral argument, Allstate stated that in order to explicitly write in its policy that it will pay a certain rate as allowed by statute, such as 80% of 200% of the Medicare rates, Allstate would have to amend its policy each time the legislature changed the statute. Although that is an understandable concern, it does not make the language of that provision any less ambiguous or make the drafter of the policy any less required to write unambiguously if it wants to rely on such a provision as a binding interpretation.
The logic and reasoning of Judge O’Scannlain is also persuasive in Leslie Salt v. United States, where he, like Justice Scalia, recognized that even terms such as “shall” can lack precision and clarity. Salt concerned a statute with the same common phrase that confronts us here, “shall be subject to.” The Clean Water Act provided that “[a]ny person who violates [one of the enumerated sections of the Act] shall be subject to a civil penalty not to exceed $25,000 per day for each violation.” 55 F.3d at 1897.
Judge O’Scannlain dissented from reading “this language to mean that civil penalties are mandatory.” Id. He stated, “If section 309(d) had provided ‘Any person who violates ... shall pay a civil penalty,’ I would readily agree with the majority’s interpretation. However, it does not so provide, and we cannot ignore the three words following the word ‘shall.’ ” Id. Similarly, in the present case we cannot ignore the same three words following the word “shall,” that being “be subject to.”
Judge O’Scannlain went on to state that the applicable section
did not use the words “shall pay”; it used the words “shall be subject to.” The latter phrase is synonymous with “shall be liable to” or “shall be answerable to.” Read literally, the section merely states that a violator is liable to be assessed a civil penalty, not that he or she must be. In other words, civil penalties are discretionary.
Id. at 1397-98 (citation omitted). He concludes that “[i]f Congress had meant civil penalties to be mandatory, it could have written [the section] to state that a violator ‘shall pay’ a civil penalty.” Id. at 1398.
Similarly, in the present case, if the drafter wanted to notify the insured that the medical bills would be paid pursuant to a particular statutory provision, the policy would state “shall pay” (or “must pay” or “will pay”) according to that provision, and not state “shall be subject to.”
In summary, I concur and would reverse the trial court and find the language in the policy ambiguous.

. “As Joseph Kimble, a noted drafting expert, puts it: ‘Drafters use it [shall] mindlessly. Courts read it any which way.’ ” Garner at 106 (citation omitted). Garner concludes that one should adopt the style of "transactional drafters [who] have adopted the shall-less style” with remarkable clarity. Id.

. See Garner at 105-06 n. 5-10 (citing Moore v. Illinois Cent. R. Co., 312 U.S. 630, 635, 61 S.Ct. 754, 85 L.Ed. 1089 (1941); Railroad Co. v. Hecht, 95 U.S. 168, 170, 24 L.Ed. 423 (1877); W. Wis. Ry. V. Foley, 94 U.S. 100, 103, 24 L.Ed. 71 (1876); Scott v. United States. 436 U.S. 128, 146, 98 S.Ct. 1717. 56 L.Ed.2d 168 (1978) (Brennan, J., dissenting); Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 n. 9, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995); United States v. Montalvo-Murillo, 495 U.S. 711, 718, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990)).