JACK SOLOMON v. MARIE GORDON, formerly
MARIE SOLOMON

4 So. (2nd) 710
Division A
Opinion Filed November 25, 1941

*E. F. P. Brigham,* for Appellant;

*J. F. Gordon,* for Appellee.

BUFORD, J.—Certiorari with stay order was granted herein on October 29, 1941.

Certiorari was to review interlocutory order denyinging stay of proceedings in this cause until the plaintiff's appeal in another case involving the same subject matter shall have been disposed of in the Supreme Court of Florida.

It appears from the record that in a divorce suit a property settlement was reached and agreed to between the parties. The final decree provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property settlement and agreement entered into by and between the defendant and the plaintiff and filed before the Master as Exhibit 'A' is hereby approved and ratified in all respects and incorporated by reference into this decree and made a part hereof; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be, and she is hereby permitted to resume and use her maiden name, to-wit: MARIE GORDON."

On June 30, 1941, plaintiff filed her petition in

the circuit court for Rule to show cause against defendant, which was granted in the following language:

"To: JAKE SOLOMON:

"You are hereby ordered and directed to personally be and appear before me, the undersigned Circuit Judge, at my office in the Dade County Court House, at 2 o'clock on the 3rd day of July, A. D. 1941, and to then and there show cause, if any you have, why you should not be adjudged to be in contempt of this court and be punished accordingly because of your failure and refusal to comply with that Order entered by the undersigned Circuit Judge on the 5th day of October, 1940, wherein you were ordered and directed to pay forthwith to the said Marie Solomon now Marie Gordon the sum of $300.00 per month and to pay the personal property taxes of the said Marie Gordon formerly Marie Solomon and have failed and refused to do so.

"Herein fail not."

The defendant, on July 3rd, 1941, filed motion to discharge the Rule on several grounds stated therein, which are not important here.

On July 23rd, 1941, the Honorable Worth W. Trammell entered his Order on Motion to discharge Rule and therein did discharge the Rule granted as aforesaid.

On August 14th, 1941, the plaintiff and petitioner Marie Gordon entered her notice of appeal from that certain Order entered in the Circuit Court on July 23rd, 1941, *supra,* and made such appeal returnable before the Supreme Court of Florida on September 30th, 1941. Thereafter, on the 10th day of September, 1941, Marie Gordon filed her bill of complaint in

the Circuit Court of Dade County, Florida, wherein and whereby she sought the following relief:

"(a) That the defendant may be required specifically to perform his agreement (Exhibit B) herein described and to pay all of the past payments due and all of the future payments due on or before the first day of each month together with all tax and insurance payments required by said agreement until the further order of this Court.

"(b) That *pendente lite a* temporary mandatory injunction be issued to the defendant enjoining and restraining him from further breaking his agreement with the plaintiff, and requiring him, during the pendency of this suit to pay to her the sum of $300.00 each and every month and to pay such taxes and insurance payments as may come due during said period of time.

"(c) That a writ of *ne exeat* issue out of this Court to the defendant, in due form of law and under such terms, conditions and stipulations as the Court may think proper."

The subject matter of the Rule Nisi and the subject matter of the bill of complaint are identical.

If the property settlement was merged into the decree and became a judgment against the defendant in favor of the plaintiff, then the plaintiff can not maintain this suit to enforce that decree. See Town of Boca Raton v. Moore, 122 Fla. 350, 165 Sou. 279; 34 C. J. page 755, paragraph 1162.

"Where two actions are pending between the same parties involving the same state of facts and aiming to accomplish substantially the same result, the court may stay proceedings in the latter action until the other shall have been heard and decided and the same rule applies where the prior action is pending on ap-

peal." 1 C. J. page 1162, paragraph 420. See also Conner v. Elliot, 59 Fla. 227, 52 Sou. 729; Wade v. Clower, 94 Fla. 817, 114 Sou. 548. If it should be determined that there was no legal ground for the enforcement of an order of contempt against the defendant and that her claim rests upon contract, then she may have recourse in a court of equity to enforce the provisions of her contract, but she is asserting on appeal in this Court that the defendant in the court below is amenable to a judgment of contempt for having failed to comply with the terms of the final decree.

The matter of imposing judgment for contempt rests in the sound judicial discretion of the trial court and the mere fact that the trial court discharges a Rule Nisi is no controlling indication that the basis for the Rule Nisi was not found in the terms of the decree *non constat* the trial judge may have determined that although the decree required the doing of a certain thing, circumstances justified the defendant's failure to perform the terms of the decree.

Under the showing made in the record, the Circuit Judge should have granted motion to stay the proceedings in this cause at least until the appeal in the other matter should have been disposed of by this Court.

The order of the Circuit Judge here under review is quashed with directions that an order be entered staying all proceedings in this case until the matter involving alleged contempt shall have been finally disposed of.

It is so ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.