PEARSON, Judge.
This interlocutory appeal is by the former wife in a dissolution of marriage proceeding. She appeals a post-judgment order denying her motion for enforcement of the final judgment of dissolution by requiring the former husband to pay tuition expenses of a minor child. The trial judge dismissed the motion by an order which stated the grounds to be: . that this court *1275 lacks jurisdiction to consider the Petition for Tuition Expenses of the Respondent, Sonya Golden, and the petition is hereby dismissed.”
The determinative question presented on this appeal is whether the trial court correctly held that it did not have jurisdiction to consider the petition. The following facts of the case are considered salient to this holding: A final judgment of dissolution of marriage was entered on June 21, 1973. Included in the final judgment was a provision on the support and education of the minor son:
“2. The parties dictated a stipulation agreement into the record during the trial of this cause which was held in Dade County, Florida, on June 21st, 1973. That the Stipulation was approved by the Court and by reference, the same is fully incorporated in this Final Judgment. The Court will set out the salient features of the parties’ agreement, which is now the Order of the Court, viz-a-viz: ******
“(E-l) The Petitioner will provide, if financially able, his son, Douglas, with the funds necessary to attend college for four years (if Douglas so desires). Tuition, room, board and all necessary and reasonable expenses shall be borne by the Petitioner for this purpose.”
It is apparent that a trial court has jurisdiction to enforce a formal agreement between the parties with respect to the maintenance of children when that agreement is made a part of the final judgment. See Zakoor v. Zakoor, 240 So.2d 193 (Fla. 4th DCA 1970).
Appellee husband proposes that jurisdiction does not rest because the petition was improperly drawn in that it was necessary for appellant, as a petitioner for tuition expenses for her son, to allege that appellee was financially able to provide said tuition expenses. Owca v. Zemzicki, 137 So.2d 876 (Fla. 2d DCA 1962); and Fla.R. Civ.P. 1.190(b). It is true that the obligation for support and tuition expenses is contingent upon a finding by the court that appellee is financially capable. But that determination can only be made after the taking of evidence. The appellee must be presumed capable until a change of circumstances is shown.
We conclude that appellee’s objections are premature and are such as could be made after the presentation of evidence. The court has jurisdiction to proceed to hear the petition, and the petition must be granted or denied according to the evidence presented.
Reversed and remanded with directions.