385 So.2d 134 (1980)
David STUART, Appellant,
v.
Marilyn K. STUART, Appellee.
No. 79-243.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
L.M. Taylor of L.M. Taylor, Lawyers, North Palm Beach, for appellant.
*135 Valentine Gabaldon, West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED. See Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3rd DCA 1975), cert. den. 328 So.2d 844 (Fla. 1976).
Judge Moore's dissent suggests that the cause be remanded to determine whether the "changed circumstances" warrant modification. While the trial court's order indicates "particular reliance upon Sheffield ..." supra, it also finds that "the Former Husband has failed to establish a substantial change in circumstances... ." Obviously, if a spouse receiving alimony enters into an arrangement which involves living with a member of the opposite sex, that is rather clear evidence of a substantial change of circumstances. There will either be financial or in kind contributions of the new partner to be taken into account, or, if the contributions go from the spouse to the new partner, the fact that the spouse is providing board and room to the new partner is evidence that the fair market value of those and any other contributions is some measure of the extent to which periodic alimony is excessive. Evidence in the record indicates that the meretricious relationship is at an end. Apparently the trial court's determination in this case results from a finding to that effect. Accordingly, our opinion remains unchanged.
HERSEY and GLICKSTEIN, JJ., concur.
MOORE, J., dissents with opinion.
MOORE, Judge, dissenting:
The parties to this cause were divorced in 1971 by a final judgment incorporating their property settlement agreement. The appellant-husband filed a petition for modification seeking, inter alia, termination of alimony payments because appellee was allegedly living in open and notorious adultery. The denial of appellant's petition for modification is appealed.
Relying "particularly" on Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3rd DCA 1975), cert. denied 328 So.2d 844 (Fla. 1976), the trial court found that appellant had failed to establish a substantial change in circumstances which would justify a modification. I feel the trial court's reliance on Sheffield is misplaced.
Before the petition for modification was filed the appellee was living with another man and her son in a family relationship. The other man, who moved out of the house when the petition was filed, contributed financially to the household expenses until moving out. The testimony is conflicting with regard to his intentions when this litigation is resolved, but he continues to share appellee's bed on occasions. Thus, the facts are similar to those in Sheffield.
Although I would prefer to adopt Judge Pearson's dissenting opinion in Sheffield, one does not need to look beyond the majority opinion which recognizes the authority of the trial judge to modify alimony payments pursuant to change in circumstances or financial ability. Therefore, I would reverse the order denying the petition and remand this cause with directions to determine whether the changed circumstances are sufficient to warrant a modification of alimony payments, Sheffield, supra, notwithstanding.