536 So.2d 1117 (1988)
FOREST HILLS UTILITIES, Inc., a Florida Corporation, Appellant,
v.
PASCO County, a Political Subdivision of the State of Florida, Appellee.
No. 88-766.
District Court of Appeal of Florida, Second District.
December 21, 1988.
*1118 Thomas J. Roehn of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellant.
Lisa C. Bennett, Asst. Co. Atty., New Port Richey, for appellee.
DANAHY, Judge.
On August 10, 1978, the appellant and Pasco County Water Authority, Inc. (the Water Authority) entered into an agreement called "Wholesale Water Supply Agreement" (the Water Supply Agreement) which is the subject of this litigation. The appellee (Pasco County) acquired the Water Authority by condemnation on March 4, 1981, and thus acquired all the rights and obligations of the Water Authority in the Water Supply Agreement.
Pasco County brought this suit against the appellant for breach of the Water Supply Agreement. We reverse the trial judge's summary determination in favor of Pasco County on the issue of liability.
The Water Supply Agreement is an eighty percent "take or pay" agreement; that is, under its provisions the appellant could obtain water from the Water Authority, but the appellant had to pay the Water Authority for at least eighty percent of the water which the appellant sold to its customers regardless of whether the appellant actually obtained that amount from the Water Authority. The term of the agreement is twenty years.
The provision of the agreement disputed by the parties is paragraph 3 covering the subject of the rate at which the appellant was to pay for water. Paragraph 3 provides:
The utility agrees to buy and the Authority agrees to sell the said water at a price or rate of seventy cents for each 1,000 gallons of water delivered by the Authority to the utility each month, or at such rate or price as shall, from time to time, be fixed or approved by the Florida Public Service Commission or such other agency of government having jurisdiction in this agreement. [Emphasis added.]
When Pasco County acquired the rights of the Water Authority under the agreement, Pasco County became both the requirements supplier and the rate setter. Pasco County is not subject to regulation by the Florida Public Service Commission. § 367.022, Fla. Stat. (1987). The appellant argues that the original parties to the agreement, the appellant and the Water Authority, contemplated that the water rates would be set by an independent rate setter; they did not contemplate a situation in which the water supplier and the rate setter would be the same. The appellant argues, therefore, that there is at least a latent ambiguity in paragraph 3 which requires consideration of extrinsic evidence as to the intent of the original parties to the agreement. Therefore, says the appellant, the summary determination of the trial judge was incorrect. We agree.
Pasco County argues that there is no latent ambiguity because section 367.021, Florida Statutes (1987), defines "governmental agency" as a political subdivision authorized to provide water or sewer service. Pasco County is such a political subdivision. *1119 Pasco County concludes that, therefore, it fits within the meaning of paragraph 3 as "such other agency of government having jurisdiction in this agreement." That position is unpersuasive. We agree with the appellant that paragraph 3 refers to an independent rate setter; that is, a rate setter other than the supplier of water.
A latent ambiguity is said to exist where a contract fails to specify the rights or duties of the parties in certain situations and extrinsic evidence is necessary for interpretation or a choice between two possible meanings. In such instance, this evidence is required because the instrument itself does not provide sufficient insight into the intent of the parties. Crown Management Corp. v. Goodman, 452 So.2d 49 (Fla. 2d DCA 1984); Morton v. Morton, 307 So.2d 835 (Fla. 3d DCA 1975). In the instant case, the Water Supply Agreement simply does not speak to the situation which came about; that is, where the independent rate setter lost jurisdiction and the water supplier became the rate setter. The unanswered question is whether the original parties to the agreement intended it to continue in effect for the remainder of its twenty-year term under such circumstances.
When an agreement contains a latent ambiguity, parol evidence is admissible to determine the intent of the parties. Under these circumstances the issue of the correct interpretation of the agreement is an issue of fact which precludes summary judgment. Griffin v. Federal Deposit Insurance Corp., 532 So.2d 1358 (Fla. 2d DCA 1988).
For the foregoing reasons, we reverse and remand for further proceedings.
REVERSED AND REMANDED.
CAMPBELL, C.J., and FRANK, J., concur.