566 So.2d 606 (1990)
John ALBERTSON, Appellant,
v.
Lula B. ALBERTSON, Appellee.
No. 89-1020.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
*607 John H. Pelzer and Ruth K. Friedlander of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
William I. Zimmerman of William I. Zimmerman, P.A., Pompano Beach, for appellee.
FRANK, RICHARD H., Associate Judge.
The former husband challenges the order of the trial court determining that a property settlement agreement sufficiently expressed the parties' undertaking to entitle the former wife to additional sums of money. We reverse.
The parties' marriage was dissolved in 1980. A property settlement agreement was incorporated into the final judgment. In 1988 the former wife asserted that her former husband was violating the agreement's following provisions:
[Former Husband] shall pay to [Former Wife] lump sum alimony in the sum of two million ($2,000,000) dollars payable fifty thousand ($50,000) dollars per annum for forty (40) years in equal monthly payments commencing on the first day of the month after the execution of this agreement. [Former Wife] is presently receiving income in the sum of approximately twelve thousand ($12,000.00) dollars per annum from the Fort Lauderdale Sweden House of which she is a part owner as appears from the deed annexed hereto. This amount may fluctuate because of the provisions of the lease annexed hereto.
[Former Husband] guarantees that [Former Wife] will continue to receive said income and [Former Wife] agrees that during the time [Former Husband] is obligated to pay the lump sum alimony provided herein, he may receive as said income on her behalf and apply it to the fifty thousand ($50,000) dollars per annum payment of lump sum alimony to be received by [Former Wife], so that the total payment received by her shall be the sum of fifty thousand ($50,000) per annum to include the twelve thousand ($12,000) dollars or more per annum above referred to.
The former wife contended that the Sweden House lease referred to in the agreement had expired and that a new tenant had been located but her former husband was not complying with his obligation to provide her with a portion of the lease proceeds.
The former husband responded asserting full compliance with the property settlement agreement. He urged the view that the agreement only entitled the former wife to a total of $50,000 per year. He further contended that his $50,000 payments are to be reduced by any money he receives as rental income from the property even if such income exceeds the $12,000 alluded to in the agreement. The trial court denied the former husband's motion to dismiss, concluding that the agreement was "clear and unambiguous on its face." Thus, the trial court determined that the former wife was "entitled to her share of rent profits in excess of $12,000/year in addition to her $50,000/annum alimony."
The former husband's first attack is upon the trial court's authority to interpret the agreement in the context of a hearing held on the former husband's motion to dismiss. We find the contention meritless. The former husband's argument before the trial court was that the former wife's motion failed to state a cause of action because the clear language of the agreement indicated that the former wife should not collect more than $50,000 per annum. The long and the short of it is that for the trial court to determine the merits of the former husband's motion to dismiss, it had to respond to the question of whether the property settlement provided the former wife with a claim thus bringing into focus the *608 document's exactness. We do, however, reject the trial court's determination that the agreement is without uncertainty.
It is notable that each party has presented us with a variant interpretation of the agreement's provisions. Thus, contrary to the trial court's perception of the agreement, it is manifest that substantial doubt as to the operative effect of the document's terms emerges from its less than pellucid syntax. The meaning of the language contemplating that the former husband may offset his $50,000 alimony obligation by the amount of $12,000 dollars received from rental to the Sweden House is certainly cast in a different light when assessed by the words "or more" found at the end of the agreement's second paragraph. Our concern stems from whether those words mean that the former husband may reduce his portion of the $50,000 payment by all rental payments including those in excess of $12,000 or was it the parties' intention that the $12,000 was the outer limit that the former husband could credit to his obligation with any excess amount being paid to the former wife. Moreover, we question, given the non-renewal of the Sweden House lease and the replacement with a new tenant, whether the parties intended the agreement to encompass such an event and especially in the circumstance where the successor tenant in a cost elevating economy may pay a rental of more than $12,000 per annum. "A latent ambiguity is said to exist where a contract fails to specify the rights or duties of the parties in certain situations and extrinsic evidence is necessary for interpretation or a choice between two possible meanings." Forest Hills Utilities, Inc. v. Pasco County, 536 So.2d 1117, 1119 (Fla. 2d DCA 1988). The application of the foregoing principle is appropriate in this instance.
Finally, the parties do not own an interest in the Sweden House Restaurant; rather, they own a one-fourth interest in the real property upon which the restaurant exists. Although that fact may not, standing alone, be determinative of the agreement's clarity, it is a factor contributing to suspicion as to the preciseness with which the agreement expresses that which the parties intended.
Accordingly, we reverse the trial court's order and remand for proceedings consistent with this opinion.
ANSTEAD and GUNTHER, JJ., concur.