652 So.2d 454 (1995)
Jay Russell SINGER, Appellant,
v.
Noreen SINGER, Appellee.
No. 93-3253.
District Court of Appeal of Florida, Fourth District.
March 22, 1995.
*455 Robert L. Bogen of the Law Offices of Alan Jay Braverman, P.A., Boynton Beach, for appellant.
Kenneth G. Spillias of Law Office of Kenneth G. Spillias, P.A., West Palm Beach, for appellee.
STONE, Judge.
We reverse, in part, a post-dissolution order granting the former wife's exceptions and denying the former husband's exceptions to a master's report and denying the former husband's motion to terminate alimony.
The error requiring reversal arises out of the trial court's conclusion that a provision contained in a pre-dissolution handwritten mediation agreement never went into effect, notwithstanding the agreement's introduction into evidence at a final hearing and its inclusion in the final judgment of dissolution. The agreement, by its terms, anticipated the parties' subsequent preparation of a formal document, but no such documentation occurred prior to the final hearing. Rather, the final judgment specifically incorporated by reference the handwritten agreement, which the parties, their counsel, and the mediator all had signed.
The provision in the agreement referred to as "the cohabitation clause" provides: "The parties agree to a ninety day per year cumulative cohabitation clause the exact language of which shall be agreed upon by counsel and the parties." The obvious purpose of the provision is to prevent the former wife's avoiding a termination of her alimony upon remarriage simply by living with someone without marriage.
We do not attempt to define or discern the parties' intent in using the terms "cohabitation" and "cumulative." Instead, we remand so that the trial court may consider whether these terms are ambiguous, and if so what the parties intended in using them, unfettered by the issues resolved in this appeal.
In rejecting enforcement of the handwritten cohabitation clause, the trial court reasoned that, despite explicitly agreeing to the ninety day cohabitation provision, the parties had agreed only to agree; as they had not yet both agreed to any particular wording, under traditional contract principles no cohabitation provision ever became effective. However, we conclude that once the handwritten document was incorporated into the court's final judgment, it became the order of the court.[1] The agreement was elevated to the status of a judgment to be interpreted rather than a contract to be enforced. See generally Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970). See also Solomon v. Gordon, 148 Fla. 572, 4 So.2d 710 (1941); Riley v. Riley, 509 So.2d 1366 (Fla. 5th DCA 1987); Golden v. Golden, 356 So.2d 1274 (Fla. 3d DCA 1978). It is undisputed that the clause in question was an integral part of the incorporated agreement.
On remand, the provision should be construed by the trial court in light of the totality of the circumstances at the time the judgment of dissolution was entered.[2]See Boynton v. Canal Auth., 311 So.2d 412, 415 (Fla. 1st DCA 1975). Where it is not ambiguous, the judgment's wording should be given *456 its ordinary meaning. See Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA 1984), pet. for rev. denied, 455 So.2d 1033 (Fla. 1984); Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA), rev. denied, 392 So.2d 1381 (Fla. 1980).
In light of the foregoing, the trial court is authorized to reconsider the question of whether there is an ambiguity without regard to the court's earlier concern for whether the parties had contemplated preparing a formal agreement prior to the dissolution. If the court determines that there is an ambiguity in the language incorporated into the judgment, then the court may consider the extrinsic evidence of intent.[3]Albertson v. Albertson, 566 So.2d 606 (Fla. 4th DCA 1990).
We find no error in the remainder of the trial court's order and specifically in its conclusion, on another issue, that it is not bound by the law of the case to enforce an order entered incident to a prior contempt proceeding, subsequently apparently abandoned, directing the wife to execute a formal agreement that the former husband prepared. Nothing is to be gained by addressing in this opinion issues relating to the husband's attempts to revive solutions contemplated by a since recused judge in a prior proceeding. Cf. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). We also deny all challenges to appellate jurisdiction raised by Appellee.
On remand, after construing the cohabitation clause, the trial court should readdress the husband's pending motion to terminate alimony.
DELL, C.J. and POLEN, J., concur.
NOTES
[1] We note that neither party has instituted an action to set aside the final judgment; nor are we concerned here with stipulations entered into after a final judgment.
[2] We note that the husband also proffered testimony of a quid pro quo for the wife's agreement to a ninety day cohabitation clause, an extension of the husband's obligation to pay alimony and child support, which was incorporated in the final agreement.
[3] This appeal does not address potential questions of privileged communication in mediation negotiations under section 61.183, Florida Statutes, or of the parties' alleged waiver of confidentiality by signing the agreement.