PER CURIAM.
The defendant below, C R Mall, Inc. (“Mall”), appeals from a summary final judgment entered in favor of the codefendant below, Sears Roebuck and Co., in respect to Sears’ cross-claim against Mall for contractual indemnification. This suit arose when Joan and William Harper sued Mall and Sears for injuries allegedly received when she was struck by an automatic sliding glass door while exiting a Sears store at the Crystal River Mall, owned by Mall. In response to the complaint by the Harpers, Mall filed a cross-claim for contractual indemnification against Sears alleging that the latter agreed “to be responsible for maintenance of the door.” Sears responded by filing its own cross-claim for contractual indemnification against Mall, and both defendants moved for summary judgment on their respective cross-claims.
The basis of the trial court’s ruling was its finding that the terms of the lease between Mall and Sears were clear and unambiguous, and that as a matter of law the repair and replacement of the exterior automatic doors were not expressly assumed by Sears and therefore were the responsibility of Mall. The trial court reasoned that the automatic doors were “exterior” rather than “interior,” and therefore not included in “interior” maintenance. In making its ruling, the trial court relied upon the following provisions of the parties’ lease agreement:
9. REPAIRS AND MAINTENANCE.

(a)[Sears] shall, at [Sears’] expense:

G) ....
[[Image here]]
(iv) perform such nonstructural interior maintenance and repairs to [Sears’] Building as the replacement of ceiling tiles (unless damaged due to roof leaks), floor coverings, light bulbs, the repair and maintenance of all trade fixtures, the repair of all [Sears’] equipment and the repair of the plumbing, water and sanitary sewer systems within [Sears’] Building to the extent that the same can be repaired without cutting, damaging or going into the floor, roof, load bearing walls or other structural components of [Sears’] budding and the repair of the electrical system on [Sears’] side of the transformer for [Sears’] building;
(b) ....
(c) Except for the repairs and replacements expressly assumed by [Sears], [C R Mall] will, at [C R Mall’s] expense, keep the Demised Premises and every part thereof, including its appurtenances and the Common Areas, in good order and repair....
On appeal, Mall contends that the above provision is ambiguous because the doors could be characterized as either exterior or interior depending upon the viewer’s perspective. Because the provision is ambiguous, argues Mall, the trial court should have considered evidence offered by Mall which demonstrated that Sears, by its conduct, had assumed responsibility for maintenance and repair of the doors.
We agree with Mall that the contract contains a latent ambiguity in respect to the maintenance of the doors. There is a legitimate question as to whether Mall was responsible for “the functions of the doors” as opposed to “anything outside the door of the premises.” There was substantial evidence presented to the trial court in regard to the fact that the doors were maintained by Sears.
Although the term “nonstructural interior” appears to have a clear meaning, the meaning of the term “interior” is not clear when applied to the present situation because the automatic doors in question have both exteri- or and interior features. The doors face the exterior of the building and the common *1018 areas for which Mall would be responsible; however, the doors also face the interior of the building for which Sears is responsible. In light of the fact that the automatic doors have both exterior and interior components, there is a latent ambiguity as to whether the parties intended for Sears to be responsible for the doors or, alternatively, whether they intended for Mall to be responsible.
Where a latent ambiguity exists, the issue of the correct interpretation of the agreement becomes an issue of fact which precludes summary judgment. Forest Hills Utils. v. Pasco County, 536 So.2d 1117, 1119 (Fla. 2d DCA 1988); Griffin v. FDIC, 532 So.2d 1358, 1360 (Fla. 2d DCA 1988). Here, because the trial court should have considered extrinsic evidence of the parties’ intent with regard to the automatic doors, and because a dispute exists as to what the parties’ intent was, the trial court was precluded from entering summary judgment on the parties’ respective cross-claims for contractual indemnification.
We reverse and remand for further proceedings consistent with this opinion. Upon remand, the trial court should reexamine the issue of whether Sears waived any attorney client privilege in regard to the unsworn statement of Delmar Wiggins, and determine its admissibility vel non.
REVERSED AND REMANDED.
COBB, GRIFFIN and THOMPSON, JJ., concur.