PER CURIAM.
Former wife appeals the final judgment of dissolution of marriage and an order denying attorney’s fees.
The final judgment awarded former wife $2,500 per month in permanent periodic alimony until she “remarries, cohabits with a *73 member of the opposite sex, or dies, whichever occurs first.” Absent a valid settlement agreement between the parties,[1] a trial judge may not include a provision in a final judgment automatically terminating alimony upon the receiving spouse’s cohabitation with another. Buscemi v. Buscemi, 610 So.2d 674 (Fla. 2d DCA 1992); Condren v. Condren, 475 So.2d 268 (Fla. 2d DCA 1985). To justify a post judgment modification, the focus should not be so much on the cohabitation as on how the living situation has impacted the former spouse’s financial condition and need for continued support. See Maclaren v. Madmen, 616 So.2d 104, 106 (Fla. 1st DCA 1993). Because it does not entail the same benefits, duties and rights as a traditional marriage, cohabitation alone cannot precipitate a termination of alimony without the factual finding of a change in circumstances concerning the former spouse’s needs and finances. See Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975), cert. denied, 328 So.2d 844 (Fla.1976).
As to the remaining points on appeal, we find no abuse of discretion. Although the final judgment indicates that the valuation date of assets was the date of trial, the primary valuation date used by the parties and relied upon by the court was April 30, 1994. The detailed final judgment demonstrates valuations in accord with section 61.075(6), Florida Statutes (1993). Given the size of the marital debt assigned to former husband ($474,680), the post equitable distribution disparity in the parties’ respective net worths ($156,707 in favor of former wife), the net monthly non-imputed income available to former husband ($6,647), the monthly permanent alimony award ($2,500), and the child-related support, school, and health expenses assigned to former husband, we find that the denial of former wife’s attorney’s fees was not an abuse of discretion because the dissolution placed the parties in the same relative financial position. See Keaton v. Keaton, 634 So.2d 798, 799 (Fla. 4th DCA 1994); Naugle v. Naugle, 632 So.2d 1146 (Fla. 5th DCA 1994); Millen v. Millen, 658 So.2d 613 (Fla. 2d DCA 1995).
We strike the cohabitation limitation portion of the final judgment and otherwise affirm.
GLICKSTEIN, POLEN and GROSS, JJ., .concur.

. See Alford v. Alford, 594 So.2d 843 (Fla. 5th DCA 1992); Singer v. Singer, 652 So.2d 454 (Fla. 4th DCA 1995).