706 So.2d 914 (1998)
Jay Russell SINGER, Appellant,
v.
Noreen SINGER, Appellee.
No. 96-2008.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
Rehearing and Clarification Denied April 2, 1998.
*915 Robert L. Bogen of Law Offices of Robert L. Bogen, Boca Raton, for appellant.
Noreen Singer, Boca Raton, pro se.
Elaine Johnson James of Nason, Yeager, Gerson, White & Lioce, PA., West Palm Beach, for appellee.
MUIR, CELESTE HARDEE, Associate Judge.
In Singer v. Singer, 652 So.2d 454 (Fla. 4th DCA 1995), this court remanded for determination of the meaning of a clause in a post-nuptial agreement providing for termination of alimony upon cohabitation. The alimony is otherwise "non-modifiable."
The basis of the instant appeal is an order of the trial judge who considered by review of transcripts another judge's order pursuant to Florida Rule of Judicial Administration 2.160(h) after the disqualification of her predecessor upon the former husband's motion.
After lengthy proceedings, the predecessor judge found that the cohabitation clause in this case was clearly tied to alimony. The predecessor judge defined cohabitation as living with someone without a marriage license, but consistent with case authority, he found that to terminate alimony, some financial support (given to or taken from the former wife) in addition to a sexual liaison was required. See Herrero v. Herrero, 528 So.2d 1286 (Fla. 2d DCA 1988); Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA 1984).
The predecessor judge also found that living together for more than a cumulative total of 90 days with financial support would terminate alimony if the alimony was not equitable distribution of the marital assets. See Stuart v. Stuart, 385 So.2d 134 (Fla. 4th DCA 1980). Lastly, his order provided for hearings to determine whether the final judgment awarded the alimony as support or equitable distribution of the marital assets and, to the extent that the alimony was for support, whether the former wife had cohabitated within the meaning of the clause allowing alimony to terminate under certain conditions.
Prior to the evidentiary hearings required, the successor judge conducted hearings on review of the previous order pursuant to rule 2.160(h), Fla. R. Jud. Admin. She then dispensed with any further proceedings despite the former husband's pending motion to terminate alimony, finding that the specific clause making alimony non-modifiable prevailed over the vague cohabitation clause. This she was not free to do.
The court's prior opinion and mandate required the lower court, having incorporated the parties' settlement agreement into the final judgment, to ascribe a meaning to the terms used in the cohabitation clause. Although the parties in this case had different understandings of the meaning and effect of the cohabitation clause, the "objective theory" of contractual intent applies, i.e.:
The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing....
(State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc., 678 So.2d 397, 400 (Fla. 4th DCA 1996) (citations omitted)), approved by, 23 Fla. L. Weekly S59, ___ So.2d ___, 1998 WL 29822 (Fla. Jan. 29, 1998).
As stated in Royal American Realty, Inc. v. Bank of Palm Beach and Trust Company, 215 So.2d 336, 338 (Fla. 4th DCA 1968):
[R]ules of construction require that no word or part of an agreement is to be treated as a redundancy or surplusage if any meaning, reasonable and consistent with other parts, can be given to it....
Where ambiguity exists, the court should arrive at an interpretation "consistent with reason, probability, and the practical aspect of the transaction between the parties." Biltmore Sys., Inc. v. Mai Kai, Inc., 413 So.2d 458, 459 (Fla. 4th DCA 1982), (quoting Blackshear Mfg. Co. v. Fralick, 88 Fla. 589, 102 So. 753, 754 (Fla.1925)). We cannot uphold the successor judge's finding that rejected the construction of the clause at issue on the grounds that a specific provision *916 providing for non-modifiable alimony prevails over a vague cohabitation clause.
Although we sympathize with the successor judge in the face of twenty-two volumes of record in this case, we cannot say that the order appealed properly complied with this court's prior mandate. Accordingly, we vacate the order appealed and remand this cause so that the trial judge may ascribe a meaning to the cohabitation clause, now a part of the final judgment, as required by this court's prior opinion.
DELL and STEVENSON, JJ., concur.