PER CURIAM.
Appellant, Olga Perez, appeals from the final judgment of dissolution entered by the trial court. Appellant’s first four issues relate to the trial court’s determinations on equitable distribution and alimony. This court finds that the trial court did not abuse its discretion and we affirm these points without further discussion.
In appellant’s fifth point on appeal, she argues that the trial court abused its discretion in not reserving jurisdiction in the final judgment to determine whether she was entitled to an award of attorney’s fees from appellee, Jorge Perez. The trial court held that appellant had not presented any evidence during the final hearing that she had incurred fees. The record shows that appellant alleged entitlement to fees in her petition and in the pretrial stipulation. During the final hearing, when appellee’s counsel began to present evidence of his entitlement to attorney’s fees, the trial court stated that it would determine them post-trial. Then in its final judgment, the trial court reserved jurisdiction to resolve appellee’s request for attorney’s fees but denied appellant’s application.
In Seigel v. Seigel, 715 So.2d 326 (Fla. 2d DCA 1998), both spouses filed petitions for modification of custody. The wife requested fees in her petition but did not present any evidence on fees at the modification hearing. In its order the trial court did not reserve jurisdiction to determine the wife’s entitlement to attorney’s fees. The district court reversed and held that *686 the trial court should have reserved juris- ' diction to consider the issue. Similarly, in the instant case, the trial court should have reserved jurisdiction to also determine appellant’s entitlement to attorney’s fees.
This court affirms the final judgment of dissolution except with respect to the failure to reserve jurisdiction to determine appellant’s entitlement to attorney’s fees. We remand for a hearing on whether appellant is entitled to attorney’s fees.
AFFIRMED in part; REVERSED part,
FARMER, HAZOURI and MAY, JJ., concur.