PER CURIAM.
 

 The former husband, Jay Russell Singer, filed a post-dissolution motion to terminate alimony pursuant to a cohabitation clause incorporated into the final judgment of dissolution. In addition to his request to terminate alimony, he asked the court to reserve jurisdiction to later determine the amount of overpayment of alimony and whether he was entitled to attorney’s fees. At the hearing, the former husband presented these issues to the trial court by presenting his written argument to the court in which he asked the court to reserve jurisdiction to determine the amount of overpayment of alimony and attorney’s fees.
 

 The trial court entered an order granting the motion to terminate alimony as of November 30, 1991, when the former husband first presented this issue to the court. However, the trial court failed to reserve jurisdiction or even address the former husband’s request for overpayment of alimony and attorney’s fees.
 

 
 *890
 
 A cohabitation clause which allows for the termination of alimony for cohabitation can be applied retroactively and require repayment.
 
 See, e.g., Gale v. Rose,
 
 455 So.2d 476 (Fla. 5th DCA 1984). The trial court also should have reserved jurisdiction to consider the issue of the former husband’s entitlement to attorney’s fees.
 
 Perez v. Perez,
 
 846 So.2d 685 (Fla. 4th DCA 2003) (remanded for hearing on attorney’s fees after court deferred consideration of fees at final hearing and then failed to reserve jurisdiction in final order);
 
 Harbin v. Harbin,
 
 762 So.2d 561 (Fla. 5th DCA 2000) (trial court should have reserved jurisdiction on the issue of attorney’s fees in the final judgment).
 

 Therefore, we remand for an evidentiary hearing on the issue of retroactive repayment of alimony and attorney’s fees.
 

 Remanded for an Evidentiary Hearing.
 

 STEVENSON, HAZOURI and GERBER, JJ., concur.