WARNER, J.
The former wife, Jennifer Flores, timely appeals an order denying her motion for rehearing or to amend a final judgment, claiming that the trial court erred in failing to retain jurisdiction in the final judgment to award attorney’s fees in connection with the former husband’s petition for change of child custody. Although the former wife requested attorney’s fees in the response to the husband’s petition and in her written closing arguments after trial, the trial court did not mention attorney’s fees in the final judgment. In response to the former wife’s motion to amend, the former husband erroneously contended that she had never requested fees. The trial court denied the motion to amend to reserve jurisdiction, and we reverse.
Where the trial court fails to address a request for attorney’s fees and costs or to reserve jurisdiction to consider the issue, the final judgment should be reversed and remanded for entry of a corrected judgment reserving jurisdiction to address the request for attorney’s fees and costs. See May v. May, 908 So.2d 558, 559 (Fla. 2d DCA 2005); Yangco v. Yangco, 901 So.2d 217, 222 (Fla. 2d DCA 2005); see also Singer v. Singer, 38 So.3d 889 (Fla. 4th DCA 2010); Perez v. Perez, 846 So.2d 685 (Fla. 4th DCA 2003). In Harbin v. Harbin, 762 So.2d 561 (Fla. 5th DCA 2000), the wife petitioned the court for modification of child support and requested attorney’s fees. Her pretrial statement included a request for fees, and at the hearing she asked the court to rule on her entitlement to fees. When the trial court entered its final judgment of modification, it did not include a reservation of jurisdiction to determine fees. The wife moved for rehearing, requesting a ruling on her entitlement to attorney’s fees, but the trial court summarily denied the motion for rehearing. On appeal, the Fifth District held that the trial court should have determined the issue of attorney’s fees and should have reserved jurisdiction for that purpose. The court further explained that even though the trial court failed to reserve jurisdiction on attorney’s fees in its final judgment, “it nevertheless had jurisdiction to amend its final judgment to add the reservation of jurisdiction on the wife’s entitlement to attorney’s fees as the former wife had timely filed a motion for rehearing on this issue.” Id. at 563. Therefore, the court reversed to require amendment of the judgment to reserve fees.
Harbin is “on all fours” with the present case and compels reversal. The former wife requested an award of attorney’s fees in her amended answer, raised the issue of attorney’s fees in a pre-trial statement, and specifically requested in her written closing argument that the court reserve jurisdiction on the issue of attorney’s fees. Therefore, the trial court should have reserved jurisdiction on this issue in its final judgment. Furthermore, having failed to reserve jurisdiction on the wife’s entitlement to attorney’s fees in the final judgment, the trial court should have granted the wife’s motion for rehearing and amended the final judgment to reserve *840 jurisdiction on the wife’s attorney’s fees claim.

Reversed and remanded for further proceedings consistent with this opinion.

POLEN and STEVENSON, JJ., concur.