PER CURIAM.
Florence Franks (“Former Wife”) appeals, and Eugene N. Franks, Jr. (“Former Husband”), cross-appeals, a final judgment dissolving their 14-year marriage, awarding the Former Wife bridge-the-gap alimony and a portion of the Former Husband’s military retired pay, distributing the marital assets and debts, and enjoining the Former Wife from contacting the Former Husband’s employer. The Former Wife challenges the judgment asserting that: (1) the trial court lacked subject matter jurisdiction; (2) the court erred in failing to award her permanent periodic alimony; (3) the court failed to address her request for attorney’s fees; (4) the court abused its discretion in entering the injunction against her; and (5) the court abused its discretion in denying her motion for continuance. The Former Husband raises three issues on cross-appeal: (1) the trial court failed to make findings justifying the unequal distribution of marital assets; (2) the court incorrectly exceeded the two-year statutory limit on bridge-the-gap alimony; and (3) the court abused its discretion in ordering the Former Husband to elect a survivor benefit plan naming the Former Wife as sole beneficiary.
We affirm the issues raised by the Former Wife on appeal. Sufficient evidence in the record supports the trial court’s finding that the Former Wife was a resident of the State of Florida for six months before the petition for dissolution was filed. See § 61.021, Fla. Stat. (2010). In addition, although the Former Wife requested attorney’s fees in her counter-petition, she did nothing further, e.g., ask the court to reserve jurisdiction on the matter, to raise the issue of attorney’s fees before the court entered final judgment. We conclude, therefore, that the trial court did not err in failing to consider the request. Cf. Flores v. Flores, 82 So.3d 838 (Fla. 4th DCA 2011) (reversing and remanding final judgment for trial court’s failure to rule on, or reserve jurisdiction to rule on, former wife’s request for attorney’s fees where former wife included request for fees in response to dissolution petition and in written closing arguments after final hearing). Finally, the court’s rulings on the continuance, injunction,* and permanent alimony reflect no abuse of discretion.
*1254 Turning to the Former Husband’s issues on cross-appeal, we find no facial deficiency in the final judgment regarding distribution of marital assets, but we note that the trial court failed to consider or act on the Former Husband’s motion for clarification about the transfer of certain assets included in the distribution scheme. We further disagree that the court abused its discretion in directing that the Former Wife be named beneficiary of a military survivor benefit plan to protect her award of a portion of thé Former Husband’s Navy retired pay. The Former Husband argues that the court could not order him to maintain such an annuity for the Former Wife’s benefit because he had not elected to participate in a survivor plan. However, “[cjontrary to appellant’s assertion, trial courts have the discretion to order a spouse to maintain an annuity for a former spouse under the Survivor Benefit Plan.” Haydu v. Haydu, 591 So.2d 655, 657 n. 2 (Fla. 1st DCA 1991) (citing Heldmyer v. Heldmyer, 555 So.2d 1324 (Fla. 5th DCA 1990)); see also 10 U.S.C. §§ 1448(b)(2)(A), (b)(5) (providing that persons entitled to military retirement pay can elect to provide former spouse an annuity under Survivor Benefit Plan, and that upon making such election, plan participant shall disclose whether election is made pursuant to court order, or pursuant to written agreement incorporated in or approved by court order).
We agree, however, that the bridge-the-gap alimony the trial court awarded to the Former Wife exceeds the period permitted by statute for such alimony. The court ordered the Former Husband to pay the Former Wife $3,200 per month “for a period of thirty-six month[s] ... as bridge-the-gap alimony.” Section 61.08(5), Florida Statutes (2010), provides that this type of alimony is permissible to help a party to transition from being married to being single, and is designed to assist with legitimate identifiable short-term needs. The statute further provides that the length of such an award may not exceed two years. It is apparent that the trial court intended this alimony award to assist the Former Wife until the Former Husband begins receiving military retired pay. Notably, section 61.08(7), Florida Statutes (2010), permits a trial court to award “durational alimony ... to provide a party with economic assistance for a set period of time following a marriage of short or moderate duration.” Although the Former Wife urges this court to deem the award durational alimony, we believe the better course is to remand for the trial court to clarify the nature of the alimony awarded.
For the foregoing reasons, we reverse the Final Judgment of Dissolution of Marriage and remand to the trial court to clarify the nature of the alimony awarded and to consider and rule on the Former Husband’s pending motion seeking clarification on the asset distribution scheme.
REVERSED and REMANDED with directions.
BENTON, C.J., MARSTILLER, and MAKAR, JJ., concur.

 The Former Wife asserts that the injunction prevents her from contacting the Former *1254 Husband’s employer for legitimate reasons pertaining to the final judgment. She may seek modification from the trial court. The final judgment reserves jurisdiction "for the purpose of enforcement and/or modification for any provision" therein.