Per Curiam.
Noreen Singer (“the former wife”) challenges two orders entered in post-dissolution proceedings in favor of Jay Singer (“the former husband”). We reverse in part and affirm in part.
First, the trial court erred in failing to reserve jurisdiction in the final order to consider the former wife’s entitlement to attorney’s fees. The former wife filed a verified motion seeking to have the former husband held in contempt, among numerous other requested forms of relief, including attorney’s fees. At the hearing on the motion, the trial court clearly indicated that it was reserving ruling on attorney’s fees until a later date and after another hearing. However, the trial court entered an order denying the former wife’s motion without reserving jurisdiction to consider attorney’s fees. Such an omission was erroneous where the trial court expressed an intention to reserve ruling and the parties did not object to the reservation. See, e.g., Jurasek v. Jurasek, 67 So.3d 1210, 1212 (Fla. 3d DCA 2011) (finding error in trial court’s denial of attorney’s fees “where the court and the parties had agreed that all issues pertaining to the wife’s request for fees would be reserved and heard at a subsequent hearing”). Consequently, we remand for a hearing on whether the former wife is entitled to an award of attorney’s fees.
Next, we decline to address the portion of the other order on appeal determining the former husband’s entitlement to attorney’s fees because the order does not determine an amount of fees. See Arch Specialty Ins. Co. v. Kubicki Draper, LLP, *155 137 So.3d 487, 488 (Fla. 4th DGA 2014) (“We decline to address the portion of the appeal challenging the award of attorneys’ fees as the trial court did not set an amount of fees; thus, the issue is not ripe for review.”).
Finally, we find the remaining issues raised by the former wife to be without merit and we affirm without further discussion.

Affirmed in part, reversed in pari, and remanded.

Ciklin, C.J., Damoorgian and Gerber, JJ., concur.