DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAY RUSSELL SINGER,**
Appellant,

v.

**NOREEN SINGER,**
Appellee.

No. 4D18-1170

[July 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Fahnestock, Judge; L.T. Case No. CACE-89-006168(35).

Jay Russell Singer, Lantana, pro se.

Noreen Singer, Boca Raton, pro se.

GROSS, J.

This appeal arises from an order entered after final judgment in a 1990 dissolution of marriage case.[1] On May 26, 2009, the circuit court found that because the former wife had violated a cohabitation clause in the marital settlement agreement, she should not have received alimony after November 30, 1991.

Most of the litigation after 2009 has involved the former husband's attempt to recover the overpaid alimony. In February 2015, the circuit court entered a final judgment for $285,412 of overpaid alimony; the court also ruled that the former husband was entitled to recover attorney's fees under section 57.105, Florida Statutes (2015), and reserved jurisdiction to determine and award fees and costs.

---

[1] This case has generated 25 proceedings in this court and six reported opinions. *See Singer v. Singer*, 219 So. 3d 944 (Fla. 4th DCA 2017); *Singer v. Singer*, 211 So. 3d 154 (Fla. 4th DCA 2017); *Singer v. Singer*, 38 So. 3d 889 (Fla. 4th DCA 2010); *Singer v. Singer*, 706 So. 2d 914 (Fla. 4th DCA 1998); *Singer v. Cochran*, 685 So. 2d 36 (Fla. 4th DCA 1996); *Singer v. Singer*, 652 So. 2d 454 (Fla. 4th DCA 1995).

The wife appealed the February 2015 judgment. We affirmed the judgment but ruled that the attorney's fee issue was not appealable because the circuit court had not yet determined the amount of fees to which the former husband was entitled. *Singer*, 211 So. 3d at 154-55.

By 2017, the case was back in the family court. The parties filed a flurry of motions directed at attorney's fees and other issues. Meanwhile, the former husband, pro se, filed civil actions in Broward and Palm Beach counties which sought to collect on the February 2015 judgment. After another round of motions, in March 2018, the family court judge transferred the case to the Fifteenth Judicial Circuit in Palm Beach County because it was a "more convenient forum for the dispute," and closed the Broward County family court file.

Here, there was no motion (1) seeking a change of venue, (2) addressing the issue of the most convenient forum, (3) requesting that the family court case be closed, or (4) seeking the dismissal of any pending motion. The former wife suggested only that the court "relinquish jurisdiction" over motions directed at title to her home in Palm Beach County. The former husband was not on notice that the circuit court was considering a *forum non conveniens* issue or closing the case. Closing a case or ordering a change of venue without notice is a denial of due process. *See Grosso v. HSBC Bank USA, N.A.,* 204 So. 3d 139, 142 (Fla. 4th DCA 2016); *McDaniel Reserve Realty Holdings, LLC v. B.S.E Consultants, Inc.* 39 So. 3d 504, 511 (Fla. 4th DCA 2010); *see also Utilicore Corp. v. Bednarsh*, 730 So. 2d 853 (Fla. 3d DCA 1999); *Morris-Edge Masonry, Inc. v. Tonn & Blank, Inc.*, 461 So. 2d 1036, 1037 (Fla. 4th DCA 1985).

We reverse the March 2018 order, remand the case to the circuit court, and direct that the circuit court hear and decide the former husband's pending motions pertaining to attorney's fees. We affirm the remaining issues on appeal without discussion.

MAY and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***