# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**NOREEN SINGER,**
Appellant,

v.

**JAY RUSSELL SINGER,**
Appellee.

No. 4D21-1674

[September 7, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. CACE89006168 (35).

Noreen Singer, Boca Raton, pro se.

Jay Russell Singer, Lantana, pro se.

KUNTZ, J.

This is, at least, the twenty-sixth appellate case in this Court that arises from the marital dissolution matter involving Noreen Singer and Jay Singer.[1] In this appeal, former wife argues the court erred by awarding attorney's fees to former husband without allowing her to challenge the former husband's entitlement to fees. We agree and reverse.

*Background*

The issue in this appeal relates to attorney's fees, and we begin with *Singer* IV. In *Singer* IV, the former husband appealed because "the trial court failed to reserve jurisdiction or even address the former husband's

---

[1] *See, e.g.*, *Singer v. Singer*, 652 So. 2d 454, 455 (Fla. 4th DCA 1995) ("*Singer* I"); *Singer v. Cochran*, 685 So. 2d 36 (Fla. 4th DCA 1996) ("*Singer* II"); *Singer v. Singer*, 706 So. 2d 914, 915 (Fla. 4th DCA 1998) ("*Singer* III"); *Singer v. Singer*, 38 So. 3d 889, 889 (Fla. 4th DCA 2010) ("*Singer* IV"); *Singer v. Singer*, 211 So. 3d 154, 155 (Fla. 4th DCA 2017) ("*Singer* V"); *Singer v. Singer*, 219 So. 3d 944 (Fla. 4th DCA 2017) ("*Singer* VI"); and *Singer v. Singer*, 278 So. 3d 79, 80-81 (Fla. 4th DCA 2019) ("*Singer* VII").

request for overpayment of alimony and attorney's fees." *Singer* IV, 38 So. 3d at 889. We concluded the "court also should have reserved jurisdiction to consider the issue of the former husband's entitlement to attorney's fees." *Id.* at 890. So we remanded "for an evidentiary hearing on the issue of retroactive payment of alimony and attorney's fees." *Id.*

On remand, former wife filed a motion for contempt and included a request for attorney's fees. And, as instructed, the court held an evidentiary hearing on the issue of retroactive payment of alimony. During the second day of the evidentiary hearing, the circuit judge said multiple times it was reserving on both parties' requests for attorney's fees. The circuit judge stated, "I'll reserve on the attorney's fees. We'll come back another time." Later, before closing arguments, the judge asked if there was "anything else, folks? Anything you would like to reserve on?" Counsel for the former wife responded, "yes, entitlement to attorney's fees at a subsequent date." The court responded "okay." Finally, at the end of the hearing, the judge stated, "[o]n [former husband]'s attorney's fees, we're reserving on that. [Former wife]'s attorney's fees, we reserve on that."

But after the hearing, the court entered two orders. The first order found former husband entitled to an award of attorney's fees as a sanction for former wife's "frivolous, vexatious and litigious conduct. *See Mettler v. Mettler*, 519 So. 2d 998 (Fla. 4th DCA 1988); §57.105, Florida Statutes." The second order denied former wife's contempt motion, including her request for attorney's fees.

Former wife appealed and, in *Singer* V, we declined to address the portion of the orders determining former husband's entitlement to fees. We concluded that without determining the amount of fees, the issue was not ripe for review. *Singer* V, 211 So. 3d at 155. We also held the circuit court's order erroneously failed to reserve jurisdiction on the former wife's fee motion after it reserved ruling on that issue at the hearing on remand from *Singer* IV. *Id.* at 154. So we again remanded for a hearing on whether former wife was entitled to an award of attorney's fees. *Id.*

On remand from *Singer* V, both parties again sought attorney's fees. But days before the fee hearing, the former wife filed a motion asking the circuit court in Broward County to relinquish jurisdiction over former husband's motion to execute on her real property to the circuit court in Palm Beach County. The court granted the motion and transferred the entire case to the circuit court in Palm Beach County, Florida. That led to *Singer* VII. In *Singer* VII, we reversed and held that the circuit court in Broward County, Florida closed the case and ordered change of venue without notice to former husband, denying him due process. *Singer* VII,

278 So. 3d at 80-81.  We again remanded the case and directed the circuit court in Broward County to "hear and decide the former husband's pending motions pertaining to attorney's fees."  *Id.* at 81.

That background brings us to this appeal.  On remand from *Singer* VII, former husband moved for attorney's fees based on the entitlement order we declined to review in *Singer* V.  Former wife responded that at the hearing leading to the entitlement order, the court stated it was reserving on both parties' requests for entitlement to fees.  After briefing, the circuit court held a two-day hearing on former husband's fee motion.  Throughout the hearing, former wife tried to challenge former husband's entitlement to fees, but the court repeatedly directed her not to do so because entitlement had been decided.  After the hearing, the court entered an order awarding former Husband $226,449.53 in attorney's fees under the earlier entitlement order.

*Analysis*

This is the first appeal in which the award of attorney's fees is ripe for appellate review.  In *Singer* V, "we decline[d] to address the portion of the other order on appeal determining the former husband's entitlement to attorney's fees because the order d[id] not determine an amount of fees."  *Singer* V, 211 So. 3d at 154.  While we did remand in *Singer* VII to "hear and decide the former husband's pending motions pertaining to attorney's fees," *Singer* VII, 278 So. 3d at 81, we did not decide whether former husband was entitled to fees.  Nor could we have done so based on the decision by a panel of this Court in *Singer* V.

For the same reasons we reversed the circuit court's order denying former wife's motion for attorney's fees in *Singer* V, in this appeal, we must reverse the contemporaneously issued order granting former husband's motion for entitlement to attorney's fees.  Before finding the former husband was entitled to attorney's fees, the court stated it was reserving the issue for a subsequent hearing.  But it did not do so.  As in *Singer* V, 211 So. 3d at 154, we note that "[w]here the parties stipulate that the court will reserve the issue of attorney's fees at a subsequent hearing, such an agreement is binding upon the court and ruling on the issue contrary to the stipulation is erroneous."  *Jurasek v. Jurasek*, 67 So. 3d 1210, 1212 (Fla. 3d DCA 2011).  So we reverse the court's judgment awarding the former husband attorney's fees and remand for further proceedings at which the former wife may challenge entitlement to attorney's fees.

*Conclusion*

The order and judgment awarding former husband attorney's fees and interest are reversed. The case is remanded to allow former wife an opportunity to challenge former husband's entitlement to attorney's fees and "for a hearing on whether the former wife is entitled to an award of attorney's fees" as directed in *Singer* V, 211 So. 3d at 154.

*Reversed and remanded.*

KLINGENSMITH, C.J. and MAY, J., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

4