DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SABA SHAH,**
Appellant,

v.

**ALI R. SIDDIQUI,**
Appellee.

No. 4D2023-1125

[March 13, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Shull, Judge; L.T. Case No. 502021DR008080.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, for appellant.

Jessica L. Underwood and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellee.

GERBER, J.

In this dissolution action, the former wife appeals from the circuit court's final order granting the former husband's motion to dismiss the former wife's post-final judgment motion requesting the circuit court to determine and award the amount of the former wife's attorney's fees and costs in the entire action. The circuit court reasoned it lacked jurisdiction to determine and award the amount because the circuit court's final judgment "lacked the requisite language needed to reserve jurisdiction."

We disagree with the circuit court and reverse the order on appeal. Although the final judgment did not specify the circuit court had "reserved jurisdiction" to determine and award the amount of the former wife's attorney's fees and costs, the circuit court, in a pre-judgment order on the former wife's request for temporary attorney's fees and costs, and in the final judgment itself, already had determined the former wife was entitled to an award of her reasonable attorney's fees and costs in the entire action. Thus, the circuit court necessarily retained post-judgment jurisdiction to determine and award the amount of the former wife's reasonable attorney's fees and costs.

Our conclusion is consistent with a number of our cases where we have reversed the denial of the moving party's request for attorney's fees and costs, where the moving party had requested attorney's fees and costs, but the circuit court failed to address the request before entering final judgment. *See, e.g., Flores v. Flores*, 82 So. 3d 838, 839 (Fla. 4th DCA 2011) ("Where the trial court fails to address a request for attorney's fees and costs or to reserve jurisdiction to consider the issue, the final judgment should be reversed and remanded for entry of a corrected judgment reserving jurisdiction to address the request for attorney's fees and costs.") (citing, inter alia, *Singer v. Singer*, 38 So. 3d 889, 890 (Fla. 4th DCA 2010), and *Perez v. Perez*, 846 So. 2d 685, 686 (Fla. 4th DCA 2003)).

The instant facts present an even more compelling case for reversal. Here, the circuit court twice addressed the former wife's request for attorney's fees and costs, in both the circuit court's pre-judgment order on the former wife's request for temporary attorney's fees and costs, and in the final judgment itself, by finding the former wife was entitled to an award of her reasonable attorney's fees and costs. The circuit court's only post-judgment task was to determine and award the amount of the former wife's reasonable attorney's fees and costs in the entire action. Thus, we must reverse and remand for entry of a corrected final judgment reserving jurisdiction to determine and award the amount of the former wife's reasonable attorney's fees and costs in the entire action. *Flores*, 82 So. 3d at 839.

The cases upon which the former husband relied in the circuit court and in his answer brief pre-date our more recent cases above, and are otherwise distinguishable in certain respects. *See, e.g., McCallum v. McCallum*, 364 So. 2d 97 (Fla. 4th DCA 1978) (where the former wife filed a modification petition but did not include a request for attorney's fees, and did not file a motion to tax attorney's fees until after the rehearing and appeal time had run on the order granting her petition, the circuit court lacked jurisdiction to consider the former wife's request for attorney's fees).

On all other arguments which the former husband has raised seeking to affirm the order on appeal, we find those arguments lack merit without further discussion.

Based on the foregoing, we reverse the order on appeal, and remand for the circuit court to: (1) enter a corrected final judgment reserving jurisdiction to determine and award the amount of the former wife's reasonable attorney's fees and costs in the entire action; and (2) conduct an evidentiary hearing to determine and award by final order the amount

of the former wife's reasonable attorney's fees and costs in the entire action.

*Reversed and remanded with instructions.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**